C. C. WOLFLE, *Appellant*, v. R. H. DAUGHERTY, *Appellee.*

137 So. 717.

Division B.

Opinion filed November 7, 1931.

*Stanton Walker* for Appellant;

*Holland, Rogers & Hazard,* for Appellee.

WHITFIELD, J.—This appeal is from a final decree adjudicating a vendee's lien in real estate.

The bill alleged that appellant vendor on April 18, 1927, entered into a written agreement, viz:

"Jacksonville, Florida
April 1927.

Received of R. H. Dougherty the sum of $1,000.00 for an option to purchase upon the following terms and conditions" described lands.

"The terms of purchase are as follows: The total purchase is $21,000.00 Dollars, the sum of $1,000.00 is to be paid on what is known as the closing date hereinafter provided for, of which amount the above mentioned payment this date made is a part, and the balance of said consideration, to-wit: the sum of $15,000.00 is to be paid in three (3) equal amounts due one (1), two (2) and three (3) years after date, and to be secured by a purchase money mortgage, the same to bear interest at

the rate of seven per cent. (7%) per annum, payable quarter-annually.

This purchase money mortgage is to contain a provision whereby the Mortgagee will agree to the release upon the terms of said mortgage of any one of the seven (7) fifty foot lots covered by this agreement upon the payment of the sum of $2,500.00 which amount when paid, is to be applied as a credit on the total amount of the mortgage. It is understood that the Mortgagor shall have the right to request and secure such release or releases during the first year of the said mortgage at any time, but during the second or third years of said mortgage indebtedness, the right of the Mortgagor to call for such release or releases is conditioned on said request being made as of any interest payment date.

The undersigned agrees to deliver complete abstracts of title covering all of the above described property, the same to show a good merchantable title in the undersigned, free and clear of any encumbrances of any kind. In case the attorney for the said R. H. Dougherty shall render a written opinion showing that the said title is not merchantable, then the undersigned agrees to immediately return the option money hereby receipted for. In case the title is found to be merchantable and the said R. H. Dougherty fails to complete this purchase by the time herein specified, the above mentioned amount hereby receipted for is to be retained by the undersigned as stipulated and liquidated damages on account of the failure of the said R. H. Dougherty to carry out said option. A period of thirty (30) days is to be allowed the said R. H. Dougherty after the delivery of said abstracts of title for the examination of same, and thirty (30) days after said delivery is to be considered the closing date.''

The undersigned agrees to secure the joint execution in legal form of the said deed by the wife of the undersigned.

All taxes and assessments to the date of closing to be paid by the undersigned; except that 1927 taxes to be apportioned as of the date of closing this trade. And it is understood that the said Dougherty assumes the paving assessments if any, for the Mallory Street paving,

also it is understood that all rights of the undersigned against the City of Jacksonville, with reference to the City's obligation as to paving and sidewalks, etc., on the Creek property shall pass by deed to the said Dougherty.

C. C. Wolfle.''

It is further alleged that within the period of thirty days allowed after the delivery of the abstracts of title the attorney of complainant rendered his written opinion showing that the said title was not merchantable, that the defendant was immediately notified of this fact and demand was made of the defendant for the return of the said $1,000.00 which defendant has failed and refused to make. By reason of the premises complainant alleges that he is entitled to a vendee's lien on said real estate, and appropriate prayers follow.

A demurrer to the bill of complaint was sustained. A plea avers:

"That at no time during the life of the option described in the Bill of Complaint was the Defendant notified by Complainant that Complainant intended to exercise said option or purchase said property, and that by reason thereof the relation of seller and purchaser at no time obtained between said Complainant and Defendant.

All of which matters and things this Defendant avers to be true and pleads the same to the whole of said Bill of Complaint and demands the judgment of this Honorable Court whether he ought to be compelled to make answer to said Bill of Complaint and prays to be hence dismissed with his reasonable costs in this behalf most wrongfully sustained.''

The plea was overruled and the defendant filed an answer to which exceptions were taken and sustained. By an amended answer it is averred that the defendant is without knowledge as to the nature of the written opinion alleged to have been rendered by the complainant's attorney, but defendant denies that said title is not merchantable and was not merchantable at the time said opin-

ion was rendered, and on the contrary avers that the title of this defendant was at the time of the rendition of said opinion good and merchantable. Defendant denies that complainant is entitled to a vendee's lien. Exceptions to portions of the answer for insufficiency were sustained. Testimony was taken before a special master who found on supporting evidence that the vendee's attorney rendered a written opinion showing the title was not merchantable, and that the vendor was notified of the fact and demand made for the return of the $1,000.00 paid to the vendor. The court sustained the master's findings and decreed a vendee's lien in favor of the complainant.

The defense in substance was that the contract is a mere option to buy, and that if the vendor is liable for the return of the initial payment, the vendee's remedy is by action at law to recover it.

If the contract signed by the vendor were a mere option to purchase described real estate within a stated time on specified conditions and for a consideration that is appropriate to and has reference only to the option granted and the vendee had not duly accepted the terms specified and duly offered to perform, the vendee would then have no equitable interest in the land and no right to an equitable remedy, whatever may be the vendee's remedy at law for a default or breach by the vendor. But the contract in this case, though called an option, is more than a mere option to buy given to the vendee for a consideration. It contains terms that are appropriate to a contract of sale and was accepted and acted on by the vendee. See 3 A. L. R. 582. It provides that if the sale and purchase are accomplished, the initial payment of $1,000.00 shall become a part of the purchase money. Upon the failure of the vendor to furnish abstracts of title showing a good merchantable title in the vendor, free and clear of any encumbrances of any kind, and upon the vendee's attorney rendering a written opinion showing that the title is not

merchantable, the vendor then becomes obligated to return the initial payment. If the vendee does not duly accept and perform, the initial payment is forfeited to the vendor, the latter not being in default. If the vendor be in default he should return the money that would have been a part of the purchase money if the contemplated sale had resulted. The vendor being in default and not returning the initial payment as agreed, the vendee, not being in default, may obtain an equitable vendee's lien for the amount paid or he may at his election bring an action at law to recover the amount paid. See 39 Cyc. 2033.

The facts put in issue were determined by the adjudication and no material error is shown.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.