JOSEPH B. WILLIAMS, *Plaintiff in Error*, vs. WALTER RAY, *Defendant in Error*.

144 So. 679.

Division B.

Opinion filed November 26, 1932.

Petition for rehearing denied December 16, 1932.

*Simon F. Williams, George C. Bedell* and *Chester Bedell,* for Plaintiff in Error;

*H. L. Anderson,* for Defendant in Error.

DAVIS, J.—At the conclusion of plaintiff's testimony, the Court below directed a verdict for the defendant, in an action at law which had been brought by Williams against Ray for the recovery of certain commissions alleged to have been earned by the plaintiff in negotiating a sale of real estate. Writ of error has been taken to review the judgment entered for the defendant upon the directed verdict.

The evidence was to the effect that through the instrumentality of Williams, a written contract had been entered into between Ray and Wade, as surviving partners of a co-partnership known as Morrison, Ray and Company, as owners, and Isadore Whiteson, as buyer.

This contract, however, contained this specific provision:

"Both parties hereto agree and consent that this contract is and shall remain an option to buyer to purchase said lands, and not otherwise, until the payment herein to be made by the buyers to the sellers of twenty per cent. of the total purchase price has been made by the buyer to the sellers . . . and that the failure of the buyer . . . . . . . shall fully authorize the sellers at their option to cancel and annul this contract, in which event all payments theretofore made by the buyer to the sellers shall be kept and retained by the sellers as for a lapsed option, and liquidated damages for the breach of this contract by the buyer."

The evidence is also to the effect that there was a failure

by the "buyer" to do the things necessary to constitute "payment . . . by the buyers to the sellers of twenty per cent. of the total purchase price" as stipulated. Consequently the contention was made to the Circuit Judge, and is renewed here, to the effect that the written contract in question never ripened into a contract of purchase and sale, but remained only, as *consented and agreed to* by the parties in the instrument itself, a mere "option to buyer to purchase said lands."*

If the contract in question is properly to be construed as a mere option until twenty per cent. of the purchase price is paid, it remained such option at the time of the trial of the action in the Court below, and plaintiff there failed to establish the basis of his claim to commissions either for "selling" the land or "securing a purchaser for it, ready, able and willing to buy." This is true, because under the terms of the "option" itself, the so-called "buyer" could have failed to go forward under it without any penalty to himself except the annulment of the contract and the loss of payments already made by him thereunder.

The contract is susceptible to the construction which was evidently placed upon it by the Circuit Judge when he directed a verdict for the defendant at the conclusion of plaintiff's evidence, and under the authority of Helie vs. Wickersham, 103 Fla. 254, 137 So. 226, fourth head-note, we must affirm it in the absence of a clear conviction on the part of this court that the trial court erred in his construction of the written instrument as an "option" rather than a binding contract of sale, at the time of the trial. In Wolfle vs. Daugherty, 103 Fla. 432, 137 Sou. Rep. 717, a materially different contract was involved.

---

*In Gaither vs. Anderson, 103 Fla. 1190, 139 Sou. Rep. 587, a very similar contract to the one here was involved and the construction of it to the same effect as was made in this case, was there upheld. In that case also, the construction of the contract in the court below was by the same trial judge who tried this case.

While a contract containing terms that are appropriate to a contract of sale, *when so accepted and acted upon by the vendee*, will in appropriate cases be upheld and enforced as a contract of sale, though called an "option," as was declared in Wolfle vs. Daugherty, supra, there is nothing to prevent the courts from giving effect to a plain stipulation by *both* parties to a contract, that it shall be and remain an option until certain conditions precedent have been performed and kept by one of them. In the case now before the court there was such a stipulation. And in the case of Gaither vs. Anderson, 103 Fla. 1190, 139 Sou. Rep. 587, we were called upon to consider and construe a similar provision in an alleged land sales contract, which we held was an option in its inception, but was such an option as would ripen into a contract of purchase and sale upon performance of its conditions when stipulated to have such effect.

Other errors have been assigned and argued by the plaintiff in error, but since the direction of a verdict for the defendant must be affirmed upon the court's construction of the basic contract upon which the right to recovery must rest, if any at all is to be had, a decision on the other assignments is immaterial and unnecessary to a proper disposition of the appeal.

Judgment affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.