FORT ORANGE COMPANY v. A. T. O'NEAL

189 So. 685
Division B
Opinion Filed May 30, 1939
Rehearing Denied June 26, 1939

*Claude L. Gray,* for Plaintiff in Error.

*W. H. Poe,* for Defendant in. Error.

PER CURIAM.—This case is here for review on writ of error to a final judgment for the plaintiff below entered by the Circuit Court of Orange County, Florida. Suit was brought in the lower court to recover a ·commission by the plaintiff for procuring lessees for the Fort Gatlin Hotel, situated in Orlando, Florida. The case was submitted to the jury by the plaintiff of two counts, one special count and one common count. The special count alleged that the defendant employed the plaintiff to obtain lessees for the Fort Gatlin Hotel and to assist in the negotiation of a lease, and on about January 1, 1933, procured L. M. Stahl and Pierre R. Tracy with whom the defendant entered into a written lease on January 5, 1933, and they went into possession of the property under the lease as tenants of the defendant, and for producing these lessees the defendant became indebted to the plaintiff for the reasonable value of his services. The second count was for work done and materials furnished.

The defendant, under pleas 1, 2, 3 and 4, offered evidence to show (a) plaintiff was a partner of C. F. Batchelder, who should have been joined; (b) plaintiff was a partner of or jointly interested in the recovery with J. H. Packard, who should have been joined; (c) the commission was to be paid out of the rentals collected and that no rentals were ever collected.

The jury found a verdict for the plaintiff in the sum of $2738.75, with interest from February 10, 1932. A motion for a new trial was denied and a final judgment entered on the verdict.

It is contended that the plaintiff, A. T. O'Neal, and C. F. Batchelder were in partnership transacting business as

Batchelder and O'Neal, and under Sections 4062 and 4077 C. G. L., it was the duty of the partnership to register, and, from time to time, renew the certificates of registration as real estate brokers, and as Batchelder and O'Neal failed or omitted to register and annually renew certificates of each member of the partnership as real estate brokers, there could not be a lawful contract for a commission under Section 4105 C. G. L. There is considerable testimony in the record to sustain the conclusion that Batchelder and O'Neal were partners. While Mr. Batchelder testified they were partners, and Mr. O'Neal admitted the existence of a partnership, they contended the commission sued for was not to be shared by Mr. Batchelder under the terms of the partnership. Numerous exhibits were filed in evidence by the defendant showing that Batchelder and O'Neal were partners. It is admitted that the partnership of Batchelder and O'Neal was not registered as real estate brokers, but each held a certificate as a real estate broker.

The lower court fully instructed the jury upon the issues of fact so tendered and it was within the province of the jury to settle the conflicts in the testimony on this point. It is not the duty of this Court to disturb the verdict of the jury unless it was influenced by some matter not appearing in the record. We think there is sufficient evidence to support the findings of the jury as made in the lower court. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557.

Counsel for plaintiff in error contends that the plaintiff below failed to prove or establish that he produced a customer able, ready and willing to buy on the prescribed terms and failed to show a legal lease or contract as the

lease so signed did not become binding. The following authorities are cited: Strano v. Carr & Carr, 97 Fla. 150, 119 So. 864; Hart v. Pierce, 98 Fla. 1087, 125 So. 243; Murphy v. Green, 102 Fla. 101, 135 So. 531; Livingston v. Malever, 103 Fla. 200, 137 So. 113; Weida v. Bacon, 102 Fla. 628, 138 So. 32; Williams v. Ray, 107 327, 144 So. 679; Acheson v. Smiths, Inc., 110 Fla. 240, 148 So. 576; Gaither v. Anderson, 103 Fla. 1190, 139 So. 587.

· We have examined the lease of the parties offered at the trial and· admitted in evidence without objection and identified as plaintiff's Exhibit No. 1; likewise the mutual cancellation thereof signed by the plaintiff in error and the lessees under date of July 10, 1933, and identified as plaintiff's Exhibit No. 4. We have examined the charges or instructions of the Court to the jury bearing on this assignment. It is a question of fact for the jury to determine under appropriate instructions. The lease was signed on January 5, 1933, and the lessees went into possession of the property and became tenants of the defendant below. It is true that the lessees were not well financed to carry out the terms of the lease but with the financial assistance of the defendant below they operated the hotel until canceled out some six months later. We are not authorized as a matter of law to substitute our conclusions for those of the jury. We believe there is sufficient evidence in the record to sustain their findings. See Wolfle v. Daugherty, 103 Fla. 432, 137 So. 717.

It is next contended that the plaintiff below failed to adduce sufficient evidence showing an obligation on the part of the defendant to pay a commission for finding or producing a customer ready, able and willing to lease on the prescribed terms. The testimony of the plaintiff is to the effect that he produced the customer and assisted in

negotiating a lease under which the lessee went into possession and became a tenant of the defendant. The testimony of the plaintiff was to the effect that he was to receive for his services the regular fee usually or customarily paid to real estate brokers. Mr. Noble Smith, Mr. Brass and the plaintiff testified that the regular broker's fee for the work plaintiff sued for was around the sum of $3700.00 or $3800.00, while the defendant contended the broker's commission was to be paid out of the monthly rentals during the life of the lease, and this disputed question of fact was for the jury to decide under appropriate instructions.

We have read the entire record and considered each assignment of error made and examined the briefs and authorities cited by counsel for the respective parties and have heard argument at the bar of this Court and conclude that there is no error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.