CARROLL, Judge.
This appeal is from a summary judgment for the defendant. Plaintiff-appellant sued for a commission of $1,000 for sale of $10,000 worth of stock of the defendant corporation. Plaintiff had an exclusive right of sale contract, for sale of defendant’s business for $275,000,[1] or a one-half interest in the business for $145,000.[2] The contract listing the business for sale described it as “This sale shall include all of the assets of this business and corporation. *861 including trade name, good will, stock, fixtures which are all in good working condition & so are the tools & equipment, all assignable licenses, etc.” The printed form contract contained certain “fine print” provisions, including the following:
“2. For finding a purchaser for the above business:
“A. I agree to pay you a commission of 10% of the sales price.
“B. The commission is to be paid whether the purchaser be secured by you or me, or by any other person, at the price and upon the terms mentioned above or at any other price or terms acceptable to me.”
Plaintiff introduced one Loring as a prospect. Loring did not buy the business or a one-half interest in it. He did, however, enter into a contract with the defendant corporation by which he was employed as a vice president at a salary of $10,000 a year, and purchased $10,000 worth of stock of the corporation. Loring’s contract was made terminable by either party at any time within five months, in which event the corporation was to repurchase the stock at the price he paid with interest. If such early cancellation did not occur, Loring was to purchase an additional $10,000 of stock, and for two years would have an option to buy more, to aggregate approximately one-third of the corporate stock. That option was not exercised, because Loring terminated the contract within the first five month period, returned the stock, and was repaid by the corporation.
On those facts the trial judge was eminently correct in granting summary judgment for the defendant. Appellant seeks reversal on the ground or theory that where a broker having a listing at a certain price brings the parties together and although a sale is not made in accordance with the listing, the parties make a sale of a part of the property, there is an implied promise to pay a commission for the part sold, citing General Development Corporation v. Chaffin, Fla.App.1961, 126 So.2d 748; Shuler v. Allen, Fla.1955, 76 So.2d 879, and Moylan v. Estes, Fla.App.1958, 102 So.2d 855. The proposition presented by those cases is not applicable here. In denying recovery the trial judge did not rule contrary to the holdings in those decisions. The sale which occurred was not of the business or of a stated part of the business. Also, as pointed out by the appellee, the contract between Loring and defendant was one of “sale or return,” under which the “sale” was conditional, being defeasible on a condition subsequent. Such a sale becomes absolute only if the return is not demanded or effected within the time permitted. See cases collected in Annotation, 52 A.L.R. 589. In the case of Ophir Consol. Mines Co. v. Brynteson, C.C.A.7, 143 F. 829, a certain statutory prohibition against purchase of its stock by a corporation made it material to determine whether a transaction under a contract of “sale or return” was a completed sale. On holding it was not a sale, that court said (143 F. at 833) :
“ * * * No such sale arose under the agreement in suit. It was of the well-recognized class, known as a contract of ‘sale or return,’ as defined in Sturm v. Boker, 150 U.S. 312, 328, 14 Sup.Ct. 99, 104, 37 L.Ed. 1093, where the title passes for the time being, but subject to the option of the purchaser to rescind and return the property within the time stipulated. With the exercise of the option the contract of sale terminates and the right and title of the corporation is restored to its original status. No sale has been accomplished, and no purchase or repurchase arises upon the part of the corporation through this return of its unsold stock. * * * ”
Not having produced a purchaser ready, able and willing to buy the business or a one-half interest in the business on the listed terms, it would be necessary, in order for the broker to be entitled to receive a commission for a partial sale by the owner to his prospect under the authorities relied on, that *862 there he a sale of part of the listed property. Here, for the reasons stated above, the acquisition and later surrender of stock by Loring under the contract of “sale or return” was not such a sale as would obligate the corporation to pay a commission.
Moreover, the transaction was more in the nature of an option than a sale. See Williams v. Ray, 107 Fla. 327, 144 So. 679; Acheson v. Smiths, Inc., 110 Fla. 240, 148 So. 576; Orange City Hills, Inc. v. Florida Realty Bureau, Inc., Fla.App. 1960, 119 So.2d 43.
The judgment appealed from is affirmed.

. Terms specified were: “$100,000.00 cash down bal. over 10 yr. period plus 6 per cent interest per annum.”

. Terms were: “$75,000.00 cash down & bal. to be paid over 5 yr. period plus 6-per cent interest per annum.”