260 So.2d 256 (1972)
J. William BRADLEY and Robert E. Baker, Appellants,
v.
Clyde M. BANKS D/B/a Banks Companies, Appellee.
No. 71-985.
District Court of Appeal of Florida, Third District.
April 4, 1972.
Turner, Hendrick, Guilford, Goldstein & McDonald and S. Alan Stanley, Coral Gables, for appellants.
Shutts & Bowen and Robert C. Sommerville, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from a final judgment entered after rendition of summary judgment for the defendant on counts 1, 2 and 3 of plaintiffs' complaint and dismissal of count 4 as insufficient. We affirm.
The appellee was entitled to summary judgment on plaintiffs' claim for a portion of a real estate commission because there was no genuine issue of material fact concerning the proposition that plaintiff-appellant Bradley was not registered as a real estate broker or salesman "at the time the act or service was performed." Fla. Stat. § 475.41, F.S.A.[1]
Appellant Bradley claimed a portion of a real estate commission and it appears that appellee Banks agreed to pay that portion to appellant for appellant's services in securing a listing. Appellee Banks subsequently received a large commission because of the listing. Appellant Bradley was not registered as a real estate broker or salesman at the time he procured the listing. He was not so registered at the time he submitted the listing to Banks. He was not so registered at the time Banks agreed to pay him a portion of the commission. Therefore, it is immaterial that appellant Bradley was reinstated *257 as a registered salesman before the actual contract to purchase was delivered. We think that the contract to pay a portion of the commission was entirely void as a matter of public policy based upon legislative enactment. Harris v. McKay, Fla.App. 1965, 176 So.2d 572; cf. Wegmann v. Mannino, 253 F.2d 627 (5th Cir.1958).
The contract being void as a matter of public policy, the services rendered in connection therewith cannot be made the basis for a quantum meruit claim as appellants suggest in their fourth count.
Affirmed.
NOTES
[1] The entire text of Fla. Stat. § 475.41, F.S.A., is as follows:

"475.41 Contracts of unregistered person for commissions invalid.  No contract for a commission or compensation for any act or service enumerated in subsection (2) of § 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed."