352 So.2d 534 (1977)
John P. PARIS, Appellant,
v.
L. Charles HILTON, Jr., et al., Appellees.
No. FF-470.
District Court of Appeal of Florida, First District.
November 18, 1977.
Rehearing Denied December 22, 1977.
Jerry W. Gerde of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for appellant.
William E. Williams of Mahoney, Hadlow & Adams, Jacksonville, for appellees.
RAWLS, Acting Chief Judge.
By this interlocutory appeal, Paris seeks review of an adverse final summary judgment granting the rescission and cancellation of two promissory notes held by Paris. The trial court's basis for granting the summary judgment was its finding that the notes were given as consideration for Paris's services as a real estate broker within the State of Florida at a time that he was not registered as a Florida real estate broker pursuant to Chapter 475, Florida Statutes.
Paris and appellee Cooper are both residents of the State of Georgia. In mid-1973, Paris, a licensed real estate broker in Georgia, learned that certain Gulf County, Florida, acreage was on the market. Paris followed an energetic course of action that ultimately led to the formation of a binding contract for sale of the land between appellees Hilton & Associates and Cooper. Paris's activities in conjunction with the sale of this property included numerous telephone calls from Atlanta to Panama City, Florida, for the purpose of discussing the real estate and the terms of its sale with one of the owners; a one day visit to the property *535 which included three hours of "walking" the land and photographing it; preparing Dr. Cooper's written offer to purchase, as well as working with Cooper's attorneys on the sales contract; returning to Panama City for further discussions and negotiations concerning the contract; and attending the closing of the sale in Panama City during February of 1974.
Paris received his $315,070 commission in the form of a $215,070 note secured by the real property and a check for $100,000 from Cooper. By prior arrangement, Paris returned the $100,000 to Cooper and, in turn, was given a check for $25,000 and a demand note for $75,000. Cooper subsequently refused to honor the notes and sought their rescission and cancellation.
The services performed by Paris clearly fall within the provisions of Section 475.01(2), Florida Statutes, as being duties to be performed by real estate brokers or salesmen. It is undisputed that Paris was not licensed either as a broker or as a salesman in the State of Florida. While it is true that the purpose of the Real Estate Licensing Act is to protect the public from being forced to deal with dishonest or unscrupulous real estate operators, rather than to permit one party to gain unconscionable advantage by avoiding a just obligation which he has contracted to pay,[1] the statute also protects the public in general from untrained and unsupervised real estate operators. To this end, the legislature of this state has decreed that contracts to pay the commissions of real estate brokers or salesmen, who are not registered as such in the State of Florida at the time such services are rendered, are entirely void as a matter of public policy, and the courts have ruled that recovery may not be had either under the contract or under the theory of quantum meruit.[2]
The judgment appealed is AFFIRMED.
SMITH and ERVIN, JJ., concur.
NOTES
[1] Geneva Inv. Ltd. v. Trafalgar Developers Ltd., 274 So.2d 581 (Fla. 3rd DCA 1973), cert. disch. 285 So.2d 593 (Fla. 1973), appeal after remand 305 So.2d 274 (Fla. 3rd DCA 1974). Paris argues strongly that because he is licensed to practice in Georgia, the citizens of Florida are not exposed to the dangers that the statute seeks to restrict. Paris argues, just as strongly, that it is inequitable and unconscionable to allow Cooper to avoid his contractual obligation to pay him his commission for services rendered.
[2] Bradley v. Banks, 260 So.2d 256 (Fla. 3rd DCA 1972); Wegmann v. Mannino, 253 F.2d 627 (5th Cir.1953), cert. den. 358 U.S. 824, 79 S.Ct. 37, 3 L.Ed.2d 63 (1958).