353 So.2d 199 (1977)
The MEADOWS OF BEAUTIFUL BRONSON, INC., a Florida Corporation, Appellant,
v.
E. G. L. INVESTMENT CORP., a Florida Corporation and Eric Lifschutz, Jointly and Individually, Appellees.
Nos. 77-1035, 77-1074.
District Court of Appeal of Florida, Third District.
December 20, 1977.
Rehearing Denied February 8, 1978.
Levine, Reckson & Reed, Miami, for appellant.
Burton B. Loebl, North Miami Beach, and Michael L. Lechtman, Miami, for appellees.
Before NATHAN and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant brings these consolidated interlocutory appeals from an order dated May 4, 1977, entered by the trial court denying a motion to dismiss the amended complaint of appellees, plaintiffs below. For the reasons set forth below, we are of the opinion that appellant's motion to dismiss should have been granted; therefore, the order appealed is reversed.
Appellees are two of eight parties, collectively called FISCO, who entered into a written brokerage agreement with appellant for the sale of its Florida realty. Appellees sued appellant for among other things, money damages alleging in an amended complaint the breach of the brokerage agreement. The other six members of the FISCO group were not joined in this suit. Appellees alleged that only they, as licensed brokers, had the right and obligation to sell and receive commissions for the sale of appellant's realty under the brokerage agreement and that the other six members of FISCO signed the agreement merely as guarantors.
Thereafter, appellant filed a motion to dismiss the amended complaint for, among other reasons, appellees' failure to comply with the Florida real estate laws. Appellant asserted in its motion that appellees failed to allege that they or all members of FISCO were licensed brokers or salesmen at the time the services under the agreement were rendered. Appellant also asserted that appellees failed to allege the registration of the name FISCO with the Florida Real Estate Commission or that the name was placed on their registration certificates at the time the services were rendered. Appellant's motion to dismiss the amended complaint was denied and these consolidated interlocutory appeals followed.
*200 Appellant contends, among other things, that the trial court erred in denying the motion to dismiss the amended complaint because appellees did not allege compliance with the registration requirements of the Florida real estate license laws, although they are seeking real estate brokerage commissions.
Our review of the agreement, herein under contention, reveals that all members of the FISCO group contracted to engage in and control the selling, marketing, advertising, and servicing of appellant's Florida realty. Thus, the agreement required by its terms the rendition of real estate brokerage services in Florida by appellees with others who were neither licensed nor registered real estate brokers or salesmen in Florida. Such a contract is, as a matter of public policy, void and unenforceable. Bradley v. Banks, 260 So.2d 256 (Fla.3d DCA 1972); Harris v. McKay, 176 So.2d 572 (Fla.3d DCA 1965); Pokress v. Tisch, 153 So.2d 346 (Fla.3d DCA 1963); and Sections 475.01 and 475.41, Florida Statutes (1975). Furthermore, appellees have not alleged that they, all other members of FISCO, and FISCO itself, were licensed and registered brokers at the time of the rendition of the services under the agreement. Such an allegation is essential to the validity of appellees' complaint. Fort Orange Company v. O'Neal, 138 Fla. 325, 189 So. 685 (Fla. 1939); Geneva Invest. Ltd. v. Trafalgar Developers, Ltd., 274 So.2d 581 (Fla.3d DCA 1973); Boca Raton Housing Association, Inc. v. Marqusee, 177 So.2d 370 (Fla.3d DCA 1965); and Sections 475.01 and 475.41, Florida Statutes (1975).
For the reasons set forth above, the order dated May 4, 1977, entered by the trial court denying appellant's motion to dismiss appellees' amended complaint is reversed. In light of this decision, it is unnecessary for us to discuss the other points raised on appeal by appellant.
Reversed.
NATHAN, J., dissents.