In the Matter of FORTINER REALTY COMPANY, Bankrupt.

Sonia URANSKY, Trustee, Plaintiff,

v.

John ALLRED, as Trustee, Billy D. Breeze and Marion Campbell Potts, Defendants.

No. 76–1094 T.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

June 17, 1980.

Diane L. Jensen, Fort Myers, Fla., for plaintiff.

James Decker, John A. Noland, Fort Myers, Fla., Preston O. Cockey, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration is the right of the Trustee of the estate to recover from the Defendant, John Allred, real estate commissions earned by the Trustee's predecessor in interest, Fortiner Realty Company (Fortiner), the Bankrupt, who was a duly licensed real estate broker involved in the transaction on which the commission claim involved in this controversy is based. In order to put this controversy in the proper posture, a brief recitation of the previous proceedings of this adversary proceeding shall be in order.

On June 26, 1978, Sonia Uransky, the duly appointed and acting Trustee for the estate of Fortiner filed an adversary proceeding and sued John Allred (Allred), Billy D. Breeze (Breeze) and Marion Campbell Potts (Potts). The complaint set forth three counts.

In Count I, the Trustee sued Allred and sought to recover a reasonable sum to be determined by the Court as real estate commissions claimed to have been earned by Fortiner prior to the institution of the bankruptcy proceeding.

In Count II, the Trustee sued Breeze contending that a purported assignment of part of the commissions to Breeze by Fortiner was invalid and unenforceable because the commission agreement violated Chapter 475 of the Florida Statutes.

In Count III, the Trustee sued Potts and set forth identical claims and sought a declaration that any commissions claimed by Potts shall be unenforceable for the reasons set forth in Count II.

In due course, the Trustee filed a Motion for Partial Summary Judgment against Breeze and Potts who did not resist the motion. On January 1, 1979, this Court entered a Final Judgment against Breeze and Potts in which the Court declared that neither Defendant has any right to collect any of the commissions allegedly due and owing to the estate from Allred. This left for consideration the remaining controversy with Allred concerning the commissions mentioned earlier. The Trustee subsequently filed a Motion for Partial Summary Judgment contending that since there are no genuine issues of material facts and she in entitled to a judgment as a matter of law, judgment should be entered in her favor declaring the Commission Agreement null and void.

The Court heard argument of counsel for the respective parties and on November 21, 1979, entered a partial summary judgment in favor of the Trustee and against Allred. The partial Summary Judgment judgment determined that the commission agreement between Fortiner, Allred, Breeze and Potts executed on October 22, 1976, was null and void and unenforceable. The Summary Judgment further provided that the Trustee shall have an opportunity to establish, either by agreement with Allred or by evidence, the amount of commission due on a *quantum meruit* basis.

On December 10, 1979, Allred filed a Motion for Rehearing or in the alternative a Motion to Stay Pending Appeal. Both motions were directed to the Partial Summary Judgment entered on November 21, 1979 and both motions were subsequently heard and denied by this Court in due course.

Pursuant to the November 21, 1979 order, an evidentiary hearing was scheduled for February 14, 1980, in order to permit the Trustee to establish the amount of the commission on a *quantum meruit* basis.

On February 14, 1980, Allred filed a Motion For Leave to File a Counterclaim. Although the proposed counterclaim was not attached to the motion, it appears that Allred now attempts to recover $15,000 which Allred already paid under the com-

mission agreement which has been declared invalid by the Summary Judgment heretofore mentioned. The motion did not indicate from whom Allred desired to recover these monies. On February 14, 1980, Allred also filed a Motion For Judgment on the Pleadings, contending that since this Court has already declared the commission agreement to be invalid, the Plaintiff cannot recover the commission from Allred on a *quantum meruit* basis.

In due course, the final evidentiary hearing was held before the undersigned. The motions just described were filed on the same date. Prior to receiving evidence on the claim of the Trustee based on *quantum meruit*, this Court heard argument of counsel for the respective parties on the motions and denied both without prejudice and then proceeded to receive evidence on the claim of the Trustee.

Before discussing the evidence presented in support of the claim of the Trustee based on *quantum meruit*, it is important to consider the two motions just mentioned, to wit: the Motion For Judgment On The Pleadings and the Motion For Leave to File a Counterclaim. This is so because if the Motion For Judgment On The Pleadings is granted, the claim of the Trustee based on *quantum meruit* is rendered moot and it would be unnecessary to consider the evidence presented in support of said claim. Although a ruling on the Motion For Leave to File a Counterclaim would not be dispositive of the Trustee's claim, for reasons more fully stated below, it is proper to consider the motion also before the Trustee's entitlement, if any, to recover the commission on a *quantum meruit* basis is considered.

In connection with the Motion For Judgment On The Pleadings it is the contention of Allred that the Summary Judgment entered on November 27, 1979 did not determine the Trustee's right to recover the balance due on the commission from Allred on a *quantum meruit* basis, but merely declared that the commission agreement was invalid and unenforceable and it did nothing more than grant leave to the Trustee to seek a recovery on this theory if such claim

is legally supportable. Accordingly, so argues Allred, since the Bankruptcy Rules permit a party to file a Motion For Judgment On The Pleadings at any time; B.R. 712c, this Court is duty bound to consider the motion and rule in favor of Allred, and award a judgment in his favor as a matter of law. The Trustee, of course, opposes this motion not only on the ground that it is untimely, but also on the ground that the November 27, 1979 order already established the Trustee's right to recover on the theory of *quantum meruit* and this issue is no longer open for consideration.

■ Considering the Motion For Judgment On The Pleadings first, it is well to point out that B.R. 712(b) provides that F.R.C.P. Rules 12(b-h) apply in adversary proceedings in bankruptcy with some exceptions not applicable to the present controversy. F.R.C.P. Rule 12(c) provides that the motion for judgment on the pleadings may be filed "after the pleadings are closed, but within such time as not to delay the trial . . ." The motion under consideration was filed at the commencement of the trial or approximately three months after the entry of the order which granted leave to the Trustee to establish a claim on a *quantum meruit* basis. While this Court is satisfied that the Trustee's right to recover was never fully litigated and the proceeding was concluded by the entry of a judgment on November 27, 1979, which focused solely on the validity and enforceability of the commission agreement and did not deal directly with any alternative theory of recovery since none was pled in the original complaint, the motion is, nevertheless, untimely and, therefore, is without merit and should be denied.

The motion for leave to file a counterclaim is equally without merit for the following reasons:

■ As noted, the proposed counterclaim was not attached to the motion. It appears from the motion itself that Allred seeks to assert a claim for the recovery of a $15,000 commission already paid by Allred, although not to the *Trustee*, but to Fortiner or possibly the co-defendants, Potts and Breeze, although this is not clear from the record. Be this as it may, it is evident that Allred has no enforceable claim against the estate for this sum and its claim if he has any, would be only a general unsecured claim in this proceeding upon showing that the monies were, in fact, received by Fortiner. In the alternative, Allred may have a claim against the co-defendants, Potts and Breeze which claims, of course, would not be cognizable counterclaims against the Trustee.

This leaves for consideration the remaining two questions: First, the Trustee's right to recover under the theory of *quantum meruit* and second, the proper amount to be allowed if the theory advanced by the Trustee in support of its claim based on *quantum meruit* is found to be meritorious.

The historical background of the commission agreement declared to be invalid is fully recited in this Court's Partial Summary Judgment entered on November 27, 1979, and the same is hereby adopted by reference. It should be sufficient to state at this time that it is the Trustee's contention that the fact that the commission agreement was declared to be unenforceable and invalid does not prevent recovery on a *quantum meruit* basis as a matter of law. Allred, of course, argues that the invalidity of the contract precludes recovery in *quantum meruit*.

■ The Court considered the briefs submitted by the parties and the authorities cited by counsel for the respective parties and is satisfied that the fact that the commission agreement was declared to be invalid does not automatically preclude and prevent recovery on a *quantum meruit* basis for the following reasons: The authorities cited by Allred to the contrary all involved commission agreements which were invalid and unenforceable because the services to which they related were performed by parties who were not authorized by law to act as selling agents and, therefore, the performance of such services was illegal and contrary to public policy. *Paris v. Hilton*, 352 So.2d 534 (Fla.App. 1977); *Bradley v.*

*Banks,* 260 So.2d 256 (Fla.App. 1972); *Harris v. McKay,* 176 So.2d 572 (Fla.App. 1965); *Wegmann v. Mannino,* 253 F.2d 627 (5th Cir. 1958).

In the instant case, Fortiner, Potts and Breeze were duly licensed broker and salespersons respectively and the services they rendered were legal and in full conformity with the applicable law. Had there been no provision for the direct payment of part of the commissions to the salespersons, Potts and Breeze, the commission agreement would have been proper and enforceable. In considering a contention that the illegality of a contract precludes a *quantum meruit* recovery, the Supreme Court of New Mexico in *Baca v. Padillo,* 26 N.M. 223, 190 P. 730 (1920) held that:

> "There is an obvious distinction bearing upon the right . . . to recover upon a *quantum meruit* for services rendered pursuant to an illegal contract, between a case where the contract is illegal because the services agreed to be rendered in performance thereof are illegal and a case where the contract is illegal only because of some improper provision relating to the mode of compensation . . the weight of authority seems to support the proposition that, if the services performed . . . are not themselves illegal, either intrinsically or by reason of the circumstances under which they are rendered, (one) may recover upon a *quantum meruit* for their reasonable value, notwithstanding that the contract is, for other reasons . . . illegal . ."

Unlike the cases cited by Allred in which the services actually rendered were, in fact, illegal because the broker or the salesperson involved in the transaction was not duly licensed, the illegality in the instant case in no way relates to the rendering of the services, but rather to the mode of compensation. Thus, because the actual services rendered in the instant case were neither *malum in se* nor *malum prohibitum,* this Court is satisfied that the Trustee is entitled to recover a reasonable fee on a *quantum meruit* basis in spite of the previous ruling by

this Court that the original agreement which purported to govern the method of payment of the commission in connection with this particular transaction, was invalid and legally unenforceable as a matter of law.

██ This leaves for consideration the amount which should be awarded to the Trustee on a *quantum meruit* basis. The original commission agreement, as later amended, provided that the purchaser of the property and the Defendant Allred, who acquired all rights and liabilities of the original purchaser shall pay a 10% commission to the Bankrupt based on the purchase price of the land involved in the transaction. The agreement provided, however, that the commission shall be paid in 10 equal annual installments although the deferred portion carried a 7% annual interest rate. It is the Trustee's contention that this rate of compensation is reasonable in this type of transaction and it is more than amply supported by evidence. The fact of the matter is, there was testimony before this Court indicating that this percentage may be even greater but, of course, always subject to negotiations between the parties. However, one would be totally amiss not to note and take into consideration the undisputed fact that this commission was to be paid over a period of 10 years. Considering the currently prevailing economic conditions and the general economic trend, it is clear that a lump sum awarded and paid today represents a much greater value than the same amount of money paid over the span of 10 years. Although the contention of Allred that he only agreed to pay this percentage of commission because of the provision for deferred payments in annual installments will not be accepted, in light of overwhelming testimony to the contrary, the currently prevailing annual rate of inflation which unfortunately does not seem to slow down, but on the contrary, is steadily increasing, cannot be ignored and should be considered in formulating the proper award. This is so because the Trustee should not be in a better position than her predecessor in interest would have been if

no bankruptcy had intervened because the Trustee is asserting a right inherited from the Bankrupt and not a right of avoidance exclusively granted to the Trustee by the Bankruptcy Act itself. Thus, while this Court is satisfied that the 10% commission provided for by the agreement is reasonable and would be the proper basis to make an award on a *quantum meruit* basis, this award shall be reduced, either by agreement of the parties or by additional evidence, to its present value. Such stipulation, if one is filed, shall not preclude Allred to challenge by appeal the correctness of this Court's determination that the Trustee is entitled to recover the commission on a *quantum meruit* basis.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Trustee be, and the same hereby is, awarded a 10% commission on behalf of the estate for real estate broker services rendered by the Bankrupt to the Defendant, Allred, said commission to be reduced to its present value either by agreement of the parties or upon motion and hearing. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Judgment on the Pleadings filed by the Defendant Allred be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Leave to File a Counterclaim filed by the Defendant, Allred be, and the same hereby is, denied.