BERANEK, Judge.
The appellant, Winchester, appeals a final judgment entered in favor of appellees, Amrhein-Hatcher, Inc., and Larasan, Inc., on July 13, 1982. The judgment was entered on a counterclaim and tried separately from the main action.
The overall case involves a dispute over a real estate commission between Winchester, the seller of the real property; Amrhein-Hatcher, Inc., a Florida real estate broker; and Larasan, Inc., a Virginia real estate broker. The contract for sale of the realty provided for a commission to be paid by the seller to the broker(s) in installments over an extended period of time. The contract also provided that the seller’s liability for a commission would be terminated if a foreclosure proceeding was instituted against the property.
The action commenced when Amrhein-Hatcher, Inc., and Larasan, Inc., sued Winchester (the seller) for the balance of the real estate commission due pursuant to the contract between the parties. The seller then counterclaimed for recovery of all commissions previously paid under the contract. Judgment on the main claim was *275 entered in favor of the defendant, seller, on the grounds that the commission obligation had terminated when a foreclosure action had been filed against the property. The counterclaim by seller for return of all commission payments was then heard on a non-jury basis and judgment was entered in favor of the brokers holding that the seller was not entitled to recover his previously paid commissions.
Winchester appeals contending that the trial court erred in failing to find that the commission agreement was void and totally unenforceable in that Larasan was an out-of-state broker performing brokerage services in Florida. Appellant’s argument is that the commission agreement here was invalid pursuant to Section 475.41, Florida Statutes (1981), which provides as follows:
475.41 Contracts of unlicensed person for commissions invalid
No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or salesman has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed.
475.01 Definitions[1]
(1) As used in this chapter:
(a) “Commission” means the Florida Real Estate Commission.
(b) “Department” means the Department of Professional Regulation.
(c) “Broker” means a person who, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraises, auctions, sells, exchanges, buys, rents, or offers, attempts or agrees to appraise, auction, or negotiate the sale, exchange, purchase, or rental of business enterprises or business opportunities or any real property or any interest in or concerning the same, including mineral rights or leases, or who advertises or holds out to the public by any oral or printed solicitation or representation that he is engaged in the business of appraising, auctioning, buying,, selling, exchanging, leasing, or renting business enterprises or business opportunities or real property of others or interests therein, including mineral rights, or who takes any part in the procuring of sellers, purchasers, lessors or lessees of business enterprises or business opportunities or the real property of another, or leases, or interest therein, including mineral rights, or who directs or assists in the procuring of prospects or in the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who receives, expects, or is promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who advertise rental property information or lists. The term “broker” also includes any person who is a partner, officer, or director of a partnership or corporation which acts as a broker.
Appellant asserts that the president of Larasan, Inc., performed such services in Florida despite the fact that he was a licensed broker only in the State of Virginia. There was conflicting evidence on the subject. The president of Larasan, Inc., was a relative of the purchaser of the property and was in the State of Florida while negotiations were going on. Evidence was introduced that his visit in Florida was a personal vacation and that his involvement was as a family member. At the very least, this was a question of fact for the trial court to. decide on the evidence presented. Appellant relies on Paris v. Hilton, 352 So.2d 534 (Fla. 1st DCA 1977). This case is distinguishable. There, an out-of-state broker performed numerous services including direct telephone calls, negotiations as to the terms of sale, a visit to the property, photographing the property, preparation of the contracts, and working with the purchaser’s attorneys. In the instant case, the evidence indicates that the two Florida brokers involved in the deal obviously performed brokers’ services in Florida while the out-of- *276 state broker was primarily engaged in advising the buyer in Virginia. Therefore, the trial court did not err in finding that the out-of-state broker had not performed brokerage services in Florida.
Appellees correctly maintain that Lara-san, Inc., was entitled to a referral fee or the sharing of a commission as authorized by Section 475.25(1), (h),. Florida Statutes (1981). The judgment below is thus affirmed.
AFFIRMED.
WALDEN, J., and COCALIS, PATRICIA W., Associate Judge, concur.

. Section 475.01(c) replaces Section 475.01(3) effective July 1, 1982.