NIMMONS, Judge.
This is an appeal from a summary judgment in favor of defendants below in an action brought by the plaintiffs/appellants to recover a brokerage fee. We affirm.
The following facts are taken from appellants’ complaint, admissions and affidavits on their motion for summary judgment. Appellees, the owners of the subject property known as “M-K Ranches” located in Gulf County, Florida, entered into a contract with Appellant Previews, Inc., a licensed Florida real estate broker, whereby Previews agreed to attempt to procure a buyer for the property.
The agreement authorized Previews to market the property through other real estate brokers. Pursuant thereto, Previews contacted appellant Eberhardt, a licensed Georgia real estate broker. Eber-hardt in turn contacted the State of Florida Department of Natural Resources, Division *1318 of State Lands, by sending the Division certain information regarding the property including a completed information sheet (on a form furnished by the Division), a cover letter, a map showing the location of the property, and a study done for the owners regarding certain prospective uses of the property. Eberhardt’s proposal was the only one submitted to the State regarding the subject property. Eberhardt’s proposal culminated in the State’s purchase of the property.
Appellants filed suit in circuit court seeking recovery of a fee from appellees. Ap-pellees resisted on the grounds that the brokerage fee agreement was unenforceable because the purchaser had been procured through brokerage activities in Florida by a foreign broker not licensed in the State of Florida. The trial court agreed with appellees’ position and granted their motion for summary judgment.
The following statutory and case authorities are implicated in the proper resolution of this appeal. Section 475.41, Florida Statutes (1985), provides, in part:
No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or salesman has complied with this Chapter in regard to issuance and renewal of the license at the time the act or service was performed.
Further, Section 475.25(l)(h), Florida Statutes (1985), provides, in part:
[HJowever, a licensed broker of this state may pay a referral fee or share a real estate brokerage commission with a broker licensed or registered under the laws of a foreign state so long as the foreign broker does not violate any law of this state.
Where a foreign broker acting on his own procures a client from his own jurisdiction to purchase property in Florida, he is not entitled to collect a fee. Paris v. Hilton, 352 So.2d 534 (Fla. 1st DCA 1977). In Paris, this court held unenforceable a promissory note given by the Georgia purchaser to a Georgia broker because the note was given as consideration for brokerage services performed in Florida in connection with the sale of Florida land, the Georgia broker not being licensed in Florida.
However, where a foreign broker, acting as cobroker with a Florida broker, procures a client within his own jurisdiction, the fact that part of his services were performed in Florida will not preclude him from enforcing his contractual right to a fee if he has performed good faith services within his own jurisdiction. Tassy v. Hall, 429 So.2d 30 (Fla. 5th DCA 1983). Indeed, such appears to be clearly within the contemplation of Section 475.25(l)(h), supra.
In the present case, unlike the foreign broker in Tassy, we do not have a situation where the foreign broker performed good faith services within his own jurisdiction. On the contrary, this foreign broker’s activities were directed towards the solicitation of a purchaser in Florida. The inescapable conclusion is that Eber-hardt engaged in brokerage activities in this State within the meaning of Section 475.01(l)(c). Inasmuch as Eberhardt's activities were in violation of the laws of this State, his cobrokerage agreement with the Florida broker does not furnish a basis for the enforcement of a right to a fee for his services. That is, Eberhardt has not brought himself within the above quoted provisions of Section 475.25(l)(h). Were we to hold otherwise, we would, without justification, be providing a way by which Florida brokers could “sublet” their Florida licenses to foreign brokers.
Neither is Previews, Inc. entitled to a fee. Where one cooperating broker is under a disability to recover a commission because of being non-registered, this infirmity affects the validity of the entire contract and no recovery is permitted. Harris v. McKay, 176 So.2d 572 (Fla. 3rd DCA 1965). Previews' commission in the instant case is predicated on illegally performed brokerage services by Eberhardt. As appellants apparently concede by their silence on this point, Previews’ right to a commission must fall with Eberhardts’.
*1319 The summary judgment is therefore AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.