1049

Harold B. OSBORN and Starboard Associates, Inc., Respondents v. CHI-CARO DEVELOPMENT CORPORATION and Everett A. Knight, Appellants.

(363 S. E. (2d) 108)

Court of Appeals

*Frank S. Potts* of *Lewis, Lewis, Bruce & Truslow,* Columbia, *for appellants.*

*Charles P. Summerall, IV* of *Buist, Moore, Smythe & McGee,* Charleston, *for respondents.*

Heard Oct. 12, 1987.

Decided Nov. 23, 1987.

GARDNER, Judge:

Chicaro Development Corporation and Everett A. Knight (the defendants) executed a promissory note payable to Francis Weber for $200,000 which was secured by a purchase money mortgage on property located in Florida which they bought from Weber. Weber assigned the note and mortgage

to Harold S. Osborn and Starboard Associates, Inc., (the plaintiffs) in payment of a real estate commission for the sale of the property to the defendants. In this action, the plaintiffs sued the defendants on the note. The defendants denied the assignment of the note and alleged that the debt was unenforceable under Florida law because the debt was a real estate commission payable to a person not licensed in Florida as a real estate broker. The appealed order held that the defendant had no standing to assert the defense of the illegality of the transfer by Weber of the note to the plaintiff. We affirm.

The pertinent Florida statute provides:

> No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesman, whether the holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the cause of action is alleged to have arisen.

Fla. Stat. Ann. Section 475.42(1)(d) (West 1966).

Florida case law holds that the Florida real estate licensing statutes, Fla. Stat. Ann. Section 475.001 *et seq.* (West Supp. 1987) render void as against the public policy of the State of Florida all contracts for the payment of commissions to an unlicensed real estate salesman. *Paris v. Hilton,* 352 So. (2d) 534 (D.C.A. Fla. 1977).

Based upon the above statute and case law, defendants argue on appeal that the assignment of the promissory note is void as being a promise to pay a real estate commission to an unlicensed salesman. We hold this argument to be untenable.

The record establishes that, as between the defendants, the makers of the subject note, and Weber, the original payee of the note, the note is valid and enforceable; the note was given as part of the purchase price for real property;

this was the consideration for the promissory note and it constitutes legal consideration.

The issue put is whether the alleged illegality of the transfer of the note is available as a defense to the defendants (the makers) in this action by the plaintiff, the transferee of the note. The Uniform Commercial Code speaks clearly to this issue and is dispositive of the issue presented and we so hold.

Florida statutory law controls since the making of and transfer of the note took place in Florida. And the note states on its face that it shall be construed and enforced according to the laws of Florida. *See* Section 36-1-105(1), Code of Laws of South Carolina (1976) ("Except as provided ... when a transfer bears a reasonable relation to this State and also to another state or nation the parties may agree that the law of either this state or of such other state or nation shall govern their rights and duties.").

Even when a person is not a holder in due course, the negotiation of a note is effective to transfer the instrument although the negotiation was part of an illegal transaction, (allegedly in this case the payment of a commission to an unlicensed real estate salesman). Fla. Stat. Ann. Section 673.3-207(1)(c) (West 1966).

The claim of any third person to the instrument, not a holder in due course, is not available as a defense to any person liable thereon unless the third person (in this case Weber) himself defends the action for such party. Fla. Stat. Ann. Section 673.3-306 (West 1966). Weber is not a party to this action and therefore under this statute the defendants, who are the makers of the note, do not have standing under the Uniform Commercial Code to assert the defense that the transfer of the note was illegal. And we so hold.

Finally, we summarily reject defendant's argument that the note (debt) sued upon is illegal because it was for payment of a commission to an unlicensed real estate salesman. The note sued upon evidences an indebtedness for the purchase of land. And we so hold.

For the reasons given, the appealed order is affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.