MILLARD K. O'DANIEL, *Plaintiff in Error*, v. ARTHUR KULOSA, *Defendant in Error*.

En Banc.

Opinion filed February 23, 1929.

*J. McHenry Jones*, for Plaintiff in Error;

*Watson & Pasco & Brown*, for Defendant in Error.

BUFORD, J.—In this suit the plaintiff sought to recover judgment in the sum of Two Hundred and Fifty ($250.00) Dollars.

The declaration was in two counts, but only the first count need be considered because the proof submitted is applicable only to that count of the declaration. The first count of the declaration is in the following language:

The plaintiff, Arthur Kulosa, by Watson & Pasco, his attorneys, sues the defendant, Millard K. O'Daniel, for that prior to the institution of this suit the defendant, representing himself to the plaintiff to be the owner of the following described property in Escambia County, Florida, to-wit: The east half of the north half of the south half of the southeast quarter of Section 24, Township 1 South, Range 31 West, containing 20 acres, more or less, and that he was desirous of selling said property, offered and agreed to pay to the plaintiff, who was then and there engaged in business as a real estate broker in Pensacola, Florida, to pay the plaintiff a fee or commission of $250.00 if the plaintiff would find a purchaser for said property at and for the sum of $1750.00, payable $750.00 cash and balance of $1000.00 two years from December 15, 1925, said balance to be secured by a mortgage on said property; that the plaintiff thereupon found a purchaser for said property who was ready, willing and able to buy same on the terms aforesaid, and so advised the defendant of that fact and of the name of such proposed purchaser; and the plaintiff alleges that thereafter the said defendant disregarding his employment of the plaintiff as aforesaid, refused to allow the plaintiff to complete the sale of said property to said purchaser, but against the protest of the plaintiff sold said property to said purchaser so found by the plaintiff, and so known to the defendant as aforesaid, by and through another real estate broker and/or by and through negotiations had by said defendant direct with

said purchaser that by reason of the plaintiff finding said purchaser for said property, and the defendant selling said property to the identical purchaser so found by the plaintiff, and so known to be found by the plaintiff at the time of such sale, the plaintiff thereupon became and is entitled to collect and receive of and from the defendant said compensation of $250.00 agreed to be paid to the plaintiff as aforesaid; that prior to the institution of this suit the plaintiff made demand on the defendant for the payment of said sum of money but the defendant has failed and refused so to do.

Wherefore, plaintiff sues and claims damages in the sum of $500.00.

Service was had on the defendant and default was entered against him on the 7th day of June, 1926. After default proof was submitted in the form of an affidavit in the following language:

Before the undersigned authority this day personally came and appeared Arthur Kulosa, who being by me first duly sworn, on oath deposes and says that he is the plaintiff in the above styled and entitled cause; that the statement of account in favor of affiant and against the defendant herein, attached to the declaration filed in this cause and made a part thereof, showing an indebtedness due and owing by the defendant to the affiant in the sum of $250.00, is just and correct, due and unpaid, and that there are no off-sets or counter-claims to same; that said indebtedness became due and owing from the defendant to this affiant as plaintiff in this cause, for and on account of fees and commissions which became due and payable by said defendant to this affiant by reason of affiant finding

a purchaser for the property described in the first count of the declaration, in the manner, at the times, and for the price and on the terms set forth in said declaration; that although said indebtedness was pust due and payable at the date of the institution of this suit the defendant has failed and refused to pay the same, or any part thereof, and the full sum of $250.00 now remains due and owing to the affiant as alleged in the declaration.

To the declaration had been attached a bill of particulars in the following language:

M. K. O'Daniel,
To Arthur Kulosa, Dr.

To fee and commissions due for finding purchaser for property described in declaration,      $250.00

Judgment was entered by the clerk, to which judgment writ of error was sued out.

There were six (6) assignments of error, as follows:

1. That the declaration states no cause of action against the defendant.

2. That the final judgment of the court is erroneous in that the declaration states no cause of action.

3. That the said judgment is void since it does not appear from the declaration that the plaintiff has complied with the provisions of Chapter 10233 of the Acts of 1925.

4. That it does not appear from the declaration or from the proof of damage before the clerk that the plaintiff was a licensed real estate broker.

5. That the court erred in entering the judgment for the plaintiff permitting the said plaintiff to recover when it does not appear from the declaration or from

the sworn proof of damage that the plaintiff had complied with Chapter 10233, of the Acts of 1925.

6. The court erred in entering the judgment herein when it does not appear that the plaintiff was a licensed real estate broker, or that he had complied with Section 3 of Chapter 10233 of the Acts of 1925.

The contention made by the plaintiff in error is that inasmuch as the declaration did not specifically allege that the plaintiff had complied with the laws of the State of Florida then in force requiring the payment of a license fee by real estate brokers, that the allegations of the declaration did not set up a cause of action or allege such a state of facts as to show that the plaintiff was entitled to recover. It is further contended that the proof failed to show that the plaintiff had paid the license fee required by statute and that under the provisions of the statute he therefore could not recover.

The statute referred to is Chapter 10233, Acts of 1925, and the part of that Act which is here to be considered is Section 3, which is in the following language:

It shall be unlawful for any person, firm, partnership, copartnership or corporation to do business as a real estate broker or salesman until they or it shall have paid the license and registration fee, as follows: The annual fee for each real estate broker license shall be $10; the annual registration fee for each real estate broker in addition thereto shall be $3; the annual license for each real estate salesman shall be $5, and in addition thereto an annual registration fee of $1.50; said registration fees shall be paid into a special fund of the State Treasury known as the Real Estate Brokers' Registration Board Fund. No person shall be permitted to recover in any court in this State for

services rendered or claimed to have been rendered in the sale or purchase of real estate, unless such person has, at the time of such transaction, complied with the provisions of this Act as to payment of license fees.

In the case of North American Accident Insurance Company v. Moreland, 60 Fla. 153, 53 So. R. 635, this Court, speaking through Mr. Justice WHITFIELD, say:

A judgment by default properly entered against parties *sui juris* operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusion of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment. If the allegations and the fair inferences from the allegations state a cause of action in favor of the plaintiffs, the allegations as to the right of action are taken to be true. Whether the admitted allegations state a cause of action is for the court to determine. Russ v. Gilbert, 19 Fla. 54; Watson v. Seat 8 Fla. 446; 6 Ency. Pl. & Pr., 117. See also Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 So. R. 346; Hale v. Yeager, 57 Fla. 442, 49 So. R. 544.

Section 4098, Revised General Statutes of Florida, Sec. 6029 Comp. Gen. Laws of Fla., is as follows:

The failure of any such foreign corporation to comply with the provisions of this Article shall not affect the validity of any contract with such foreign corporation, but no action shall be maintained or recovery had in any of the courts of this State by any such corporation, or its successors or assigns, so long as such

foreign corporation fails to comply with the provisions of this article.

The provisions of the statute last quoted are analogous to the provisions of the statute now under consideration. This Court, in the case of Ronnock Grove Company, a Corporation, v. Coe-Mortimer Company, a Corporation, 83 Fla. 370, 91 So. R. 265, having under consideration the question of the right of a foreign corporation to maintain a suit for the foreclosure of a mortgage in this State, speaking through Mr. Justice WEST, say:

The second contention is that the allegations of the bill to the effect that the complainant is a corporation doing business in the State of Florida and having its principal Florida place of business in Jacksonville are equivalent to an allegation that the complainant is a foreign corporation, that it has complied with the provisions of the statutes prescribing conditions upon which certain foreign corporations may transact business in Florida, it is defective in this respect and the order of the court overruling the demurrer pointing out this defect was error. If it should be conceded that this allegation is susceptible of the construction placed upon it by defendant and it should also be construed to mean that the defendant corporation was of the particular class to which the statutes apply and that it was not transacting business in the State at the time of the enactment of Chapter 5717, Acts 1917, Sec. 4100, Rev. Gen. Stats., still this contention could not be allowed. This Court has construed the statute which defendant says is applicable (Sec. 4098, Rev. Gen. Stats.), and in doing so held that compliance with its provisions is not a condition precedent to the right of the corporation to maintain an action in the

courts of this State, but that the defense of failure to comply with the provisions of the statute is one that should be specially pleaded. Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. R. 216. This holding is in accord with the general rule. 12 R. C. L. 98-101; 14A C. J., p. 1358, Sec. 4069. Under this construction the defense sought here to be interposed may not be presented by demurrer to the bill of·complaint.

In the case of Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. R. 216, cited, speaking through Mr. Justice ELLIS, this Court says:

It was contended in the oral argument that the burden was upon the complainant to prove that it was authorized to do business as a corporation in this State, and in the absence of any evidence on the subject it must be held to be without such authority. The bill expressly alleges that the complainant is so authorized, the answer does not deny the allegation. The statutes of this State, Section 2682, et seq., General Statutes of 1906, do not expressly prohibit a foreign corporation from bringing a suit in this State until it has complied with the requirements of the statute. The reason for the omission may have been to enable such corporation to have the aid of the courts in the protection of its property rights where the court does not have to give force or validity to an executory contract by such a corporation. The rule seems to be that when the defendant wishes to raise the question of the corporation's right to maintain a suit in this State he should make the defense specially. Sec. 12, R. C. L. 98-101.

In 17 R. C. L. 560, it is said:

In support of the rule denying the right to recover

under circumstances which may be deemed to be of a prohibitive character, it has been said that the purpose of the law is to constrain those who would enjoy the privileges taxed to pay the price and obtain license by a two-fold penalty, one being fine or imprisonment, or both, and the other disability to claim under any contract made in reference to the business carried on in disregard of law; one to be enforced through the machinery provided for the punishment of misdemeanors, and the other on the plea of the party sought to be held liable on the contracts made in reference to the business.

The declaration alleged that the plaintiff was then and there (at the time of the transaction) engaged in business as a real estate broker in Pensacola, and further alleges ''the plaintiff thereupon became and is entitled to collect and receive of and from the defendant the said compensation of $250.00 agreed to be paid to the plaintiff as aforesaid.''

The affidavit submitted as proof of the claim sustains the allegations of the declaration and on authority of the opinions heretofore cited the judgment should be affirmed, and it is so ordered.

Affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BROWN, J. J., concur.