**PEARCE v. PREVIEWS, Inc.**

No. 14199.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Rehearing Denied Feb. 25, 1953.

O. K. Reaves, Arthur L. Anderson and Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, Fla., for appellant.

Manley P. Caldwell, Wideman, Caldwell, Pacetti & Robinson and Frank J. Wideman, Jr., West Palm Beach, Fla., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This suit was brought to recover the amount of $13,500.00, alleged to be due from appellant, a Florida resident, to appellee, a New York corporation, under a contract for the sale of Florida real estate.

The contract required appellee to do certain things with respect to advertising and promoting the sale of appellant's Florida property, in consideration of which appellant agreed to pay appellee a fee of 10% of the sale price of the property, "no matter who brings about the sale." The sum of $1500.00 was paid by appellee as a deposit at the time the contract was executed, which amount was to be credited upon the final fee due appellee when the property was sold.

Several months later the property was sold for $150,000.00. Appellee thereupon requested and was refused payment of the fee agreed upon, or $15,000.00, less the previous deposit of $1500.00, leaving a net amount due of $13,500.00, for which recovery is here sought.

The defenses urged were that: (1) the appellee did not have any part or influence in bringing about the sale of the property; and (2) that the contract was

invalid under Florida law because it was signed for appellee by its president in New York, and its corporate president was not individually registered under the Florida Real Estate License Law to act as an active real estate broker.[1]

A motion by appellee to strike the above defenses as insufficient, immaterial and irrelevant was granted by the district court, and a summary judgment for appellee under Rule 56 was thereafter entered on the ground that there was no genuine issue as to any material fact and appellee was entitled to judgment as a matter of law.

■ The first defense appears frivolous and wholly without substance or merit in view of the plain provision of the contract that appellee was entitled to its fee "no matter who brings about the sale." In the absence of fraud, accident, or mistake in the execution of the contract, none of which is here pleaded or proved, this provision of the contract is valid and binding upon appellant. This first defense is not seriously urged in this Court.

As for the second defense, it appears that the corporate appellee, as well as its regional vice-president in charge of its Florida office, was registered as an active broker under the Florida Real Estate License Law, Chapter 475, Florida Statutes 1949, F.S.A. The other officers and directors of the corporation, including the corporate president, were registered under Florida law as non-active brokers, Chapter 475, Florida Statutes 1949, F.S.A.

■ The Florida Real Estate License Law provides that "Every person who shall, *in this state,* for another, and for a compensation * * * sell, exchange, buy or rent * * * any real property, * * * and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services * * *" (emphasis supplied) shall register as brokers or salesmen. Properly construed, this statute did not require appellee's president and the other nonresident officers to hold active real estate broker's licenses from the State of Florida, since they did not do or perform any acts or services relating to the property "in this state". The signing of the contract by appellee's president was in New York and not in Florida. Appellee, as a corporate entity, was qualified to do business in Florida and was registered as an active broker, as was its Florida Vice-President, who, so far as appears, performed all necessary acts and services in Florida in connection with this contract. Under such circumstances, the district court properly entered a summary judgment for appellee, on the ground that there was no genuine issue as to any material fact and that the defenses urged were insufficient as a matter of law. See Land Co. of Florida v. Fetty, 5 Cir., 15 F.2d 942.

Affirmed.

---

1. A third defense to the effect that appellee failed to comply with the Florida Occupational License Law, Chapter 205, Florida Statutes 1949, F.S.A., is raised for the first time on this appeal, and is not timely asserted.