177 So.2d 370 (1965)
FLORIDA BOCA RATON HOUSING ASSOCIATION, Inc., a Florida corporation, Appellant,
v.
MARQUSEE ASSOCIATES OF FLORIDA, INC., a Florida corporation, Appellee.
No. 64-878.
District Court of Appeal of Florida. Third District.
July 13, 1965.
*371 Williams, Salomon & Kenney, Miami, for appellant.
Martin Yelen, Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The appellant, Florida Boca Raton Housing Association, Inc., was defendant in the trial court. The action at law, brought by the appellee, Marqusee Associates of Florida, Inc., claimed the balance of a brokerage commission. A final judgment was rendered in favor of the appellee after a non-jury trial. The appellee had acted as broker on behalf of the vendor-appellant in the sale of certain real property. The appellant accepted a purchase money mortgage on the property sold. It was agreed that the broker's fee would be paid by the appellant periodically out of proceeds from the mortgage payments.
The complaint alleged that the appellant acknowledged its indebtedness to the plaintiff and that part payment was made, leaving a balance due of $24,518.88. Attached to the complaint was a letter of acknowledgment which indicated the parties had agreed for the payment by the appellant-vendor of the brokerage commission to be made "over a period of five years in equal installments commencing with the first principal payment on the mortgage, and payable as, if and when principal payments are made, and accelerated if said principal payments are accelerated." It was then alleged that the appellant had disposed of the mortgage either by assignment or sale and that therefore the agreed payments on the commission were accelerated.
The appellant moved to dismiss on the sole ground that the complaint failed to state a cause of action. The motion was denied. In its answer the appellant admitted the making of the agreement but denied that it was indebted thereon. The answer set forth that the assignment of the mortgage was for far less than the principal amount and that because of this fact the plaintiff was not entitled to recover any further portion of the indebtedness on the commission.
*372 The parties entered into a stipulation that there was no need for testimony and that the pleadings presented only a question of law for the court to determine. The trial judge found for the plaintiff in the amount claimed and the defendant now appeals.
On this appeal two points are presented. The first urges that the judgment must be reversed because there is no proof in the record that the plaintiff was a licensed broker or real estate salesman at the time the alleged commission was earned. This point could only have been raised on the motion to dismiss inasmuch as it was not raised in the answer and since the stipulation at trial was that no evidence need be presented. We must determine therefore whether or not a complaint for an indebtedness based upon an earned brokerage commission is fatally defective if it fails to allege that the plaintiff is a licensed real estate broker or salesman.
Section 475.41 Fla. Stat., F.S.A., provides as follows:
"No contract for a commission or compensation for any act or service enumerated in subsection (2) of § 475.01 shall be valid unless the broker or salesman shall have complied with this Chapter in regard to registration and renewal of the certificate at the time the act or service was performed."
It may well be argued that this statute establishes a public policy in the State of Florida under which unlicensed real estate brokers or salesmen are not entitled to recover commissions in the courts of this State and that accordingly, the holding of a license must be alleged in the complaint to entitle the broker or salesman to relief with failure to do so, making the complaint vulnerable to attack by a motion to dismiss. Cf., Pokress v. Tisch Florida Properties, Inc., Fla.App. 1963, 153 So.2d 346.
In O'Daniel v. Kulosa, 97 Fla. 269, 120 So. 357, the Supreme Court of Florida considered the sufficiency of an allegation in a declaration to comply with a previous statute on the same subject. That statute (Fla. Laws 1925, Ch. 10233 § 3) provided in part:
"* * * No person shall be permitted to recover in any court in this State for services rendered or claimed to have been rendered in the sale or purchase of real estate, unless such person has, at the time of such transaction, complied with the provisions of this Act as to payment of license fees."
It was held that a declaration which generally alleged that the plaintiff was engaged in the business of a real estate broker and was entitled to collect the compensation, was sufficient upon demurrer.
In Campbell v. Romfh Bros. Inc., Fla. App. 1961, 132 So.2d 466, the District Court of Appeal, Second District, considered the enforceability of a note in which a real estate salesman and his broker were copayees. The appeal was to review the dismissal of a complaint upon the ground that the note sued upon was illegal because it was given in contravention of § 475.42(1) (d) Fla. Stat., F.S.A. ("No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission * * * except in the name of the employer * * *.") The court held that the note in question bore the taint of illegality and was unenforceable.
In Tobin v. Courshon, Fla. 1963, 155 So.2d 785, 99 A.L.R.2d 1147, the Supreme Court held that attorneys who were not registered real estate brokers or salesmen could not recover a share of a real estate commission even though the attorneys had performed a portion of the services and had secured an agreement with the broker to pay the share sought. In so holding the Supreme Court directed the affirmance of an order dismissing a complaint by the attorney upon the ground that the complaint failed to state a cause of action. It is clear from the opinion that the reason the complaint did not state a cause of action was that it did not allege that the plaintiffs were licensed real estate brokers.
*373 We think that the cases discussed require a holding that a complaint to recover for a real estate commission or upon a written instrument promising to pay a real estate commission, must allege that the broker performing the service for which the commission is claimed was at time of the rendition of the service, a licensed broker.[1]
Having determined that the judgment appealed must be reversed upon appellant's first point, we would not ordinarily consider the other points presented. In the present case the error found may possibly be quickly cured by amendment and documentary proof. Therefore, in order to avoid if possible a second appeal, we have considered appellant's second point which, if correct, would result in a reversal without remand.
Appellant's second point urges reversal because in its view the parties, having failed to include a provision in their contract for the payment of the commission in the event of disposition of the mortgage, left the broker without a remedy. We must reject this point because the trial judge correctly held that the sale of the mortgage constituted an acceleration of the payments on the commission indebtedness. It is the duty of the court to enforce a contract according to the plain meaning of the terms. Camichos v. Diana Stores Corp., 157 Fla. 349, 25 So.2d 864 (1946); Florida Sportservice, Inc. v. City of Miami, Fla. App. 1960, 121 So.2d 450. It affirmatively appears from the contract in evidence that the broker was to be paid whenever the defendant, appellant, received his money for the property. The decision to take less than the face amount of the mortgage was the appellant's decision. He cannot now say that because of this decision the broker has foregone his right to remuneration for the work performed. We think this determination is supported by the general proposition that where a promise to pay is restricted to a particular fund and the failure to realize the fund is attributable to the promisor the payment becomes absolute. Sec cases collected at 5 Williston, Contracts, § 1318 (rev. ed. 1937); 17A C.J.S. Contracts § 470.
The judgment appealed is reversed and the cause remanded to the trial court with directions to afford the plaintiff an opportunity to amend its complaint and for such further proceedings as the trial judge shall find necessary and proper thereafter.
Reversed and remanded.
NOTES
[1] As a practical matter it is much easier for the broker to allege and prove his license than for the defendant to allege and search the records to prove the contrary proposition.