PER CURIAM.
A default was entered against the appellant, Austin Burke, Inc., on January 12, 1965, in an action brought by Vigilant Insurance Co. upon an assigned account. The defendant, appellant, was served with a notice of final hearing. This hearing was set before the trial judge at 2:00 P.M. on January 25, 1965. During the morning of January 25, the officer, resident agent, of the defendant who had received service of the summons and complaint, Austin H. Burke, called the trial judge and received confirmation that the hearing would be held at the time and place designated. No request for an extension of time was made, and the final judgment on the account was entered on January 25, 1965. On February 1, 1965, a motion was entered to set aside the final judgment. This motion recites that it was made pursuant to Rule 1.38, Florida Rules of Civil Procedure,[1] 30 F.S.A. *602 The appellant’s motion, which was supported by affidavit, stated in part as follows:
“3. That upon being served with the complaint in this cause, Austin H. Burke, President of AUSTIN BURKE, INC., Defendant, immediately contacted Mr. Paul Wattenberg, President of Leon de Paris, Inc., whose invoice was attached to the complaint. Mr. Watten-berg advised Mr. Burke that the filing of this suit by VIGILANT INSURANCE CO., was a mistake since the Defendant was not obligated to pay the invoice attached to the complaint since the goods were shipped on an 'on approval’ basis and were never ordered by AUSTIN BURKE, INC., and that he, Mr. Wattenberg, would see to it that the lawsuit was dropped and that Mr. Burke should just forget all about the matter.”
The trial judge denied the motion to set aside the judgment and this appeal followed.
Appellant contends that its failure to respond to the summons of the court and its failure to employ an attorney in the matter, as well as its failure to attend the trial for the proof of damages, are all “excusable neglect” under Rule 1.38 because an officer of Leon de Paris, Inc., a corporation which is not a party to this suit, assured Mr. Burke that he could “forget about the complaint.”
In his points presented upon appeal, the appellant urges that the refusal of the trial court to set aside the final judgment pursuant to Rule 1.38 constituted a gross abuse of discretion. In the light of the facts recited above, we are unable to hold that the trial judge abused his discretion. Cf., Somerville v. Skidmore, Fla.App.1965, 175 So.2d 575, and Teply v. Key, Fla.App.1963, 158 So.2d 549.
Appellant relies upon North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849; however, that case was expressly limited to-the setting aside of an interlocutory order of default.
In Florida Investment Enterprises v. Kentucky Co., Fla.App.1964, 160 So.2d 733, a case which is similar to the one before us, the District Court of Appeal, First District,, held that the trial judge did not abuse his discretion in refusing to vacate a final judg-. ment where there was no indication that the defendant had employed an attorney or had taken any steps to defend the action-prior to the filing of the motion to vacate.
There is no doubt that in Florida a very liberal rule is applied in all situations where a default may be set aside and a trial on the merits achieved. However, under the facts, in this case, where the appellant neglected to respond to the summons of the court on two occasions and made no appearance in. court until it was actually served with process in aid of execution, we cannot say that this liberal rule has been breached.
Appellant’s second point urges, error because an invoice attached to the complaint carried the name of Austin Burke rather than Austin Burke, Inc. We hold that this objection comes too late after the entry of final judgment. The complaint fully alleged that the appellant was liable, and the default operated as an admission of" the truth of all well plead allegations of the complaint. O’Daniel v. Kulosa, 97 Fla. 269, 120 So. 357 (1929); Florida East Coast Railway Co. v. McRoberts, 111 Fla. 278, 149 So. 631, 94 A.L.R. 376 (1933).
Having determined that neither of appellant’s points present reversible error, the-judgment is affirmed.
Affirmed.

. The pertinent portion of this rule is as follows:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons; (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been •discovered in time to move for a new tvi-1 or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) *602 not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its opei’ation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon tile court.”