DAUKSCH, Chief Judge.
This is an appeal from a judgment in favor of appellee in a suit for the payment of a real estate broker’s commission.
The parties entered into a contract entitled “Exclusive Right of Sale” which in essence allowed the “broker,” Surfview Realty, Inc., 365 days to sell the Kings Inn (and other named motels) and to collect a five percent commission for the sale. It also provided that the broker would receive the commission even if the owner (Winter) sold the property without the broker’s involvement and even if another broker secured the sale.
The appellee filed a suit alleging the Kings Inn had been sold for $1,850,000.00. The complaint alleged appellee had an exclusive right of sale at a five percent commission and that the sale occurred while the right of sale was in effect. Attached to the *840 complaint was a copy of a warranty deed which allegedly was the deed which conveyed the Kings Inn property. The deed itself does not show the property was the Kings Inn but was a conveyance of certain lots in a subdivision known as East Dayto-na.
The complaint does not allege the appellee is a registered real estate broker. The appellee offered no proof the appellee was a registered real estate broker. Section 475.41, Florida Statutes (1977), provides that no contract for a real estate commission is valid unless the broker is registered under the laws of Florida. The absence of pleading and proof the broker is duly registered as a real estate broker defeats an action on a contract for a commission for the sale of real estate. The contract is unenforceable. Meadows of Beautiful Bronson, Inc. v. E.G.L. Investment Corp., 353 So.2d 199 (Fla. 3d DCA), cert. denied, 360 So.2d 1248 (Fla.1978); Geneva Investment, Ltd. v. Trafalgar Developers, Ltd., 274 So.2d 581 (Fla. 3d DCA), cert. dismissed, 285 So.2d 593 (Fla.1973); Florida Boca Raton Housing Ass’n v. Marquesee Associates, 177 So.2d 370 (Fla. 3d DCA 1965). Thus the trial court erred in failing to grant the involuntary dismissal sought by appellant and erred in rendering judgment for appellee.
In an action such as this where it is alleged a particular property was sold and a commission is due on account of the sale it is elemental that it must be proved the property was sold. Appellee attempted to prove the property was sold by the introduction of a copy of a deed, the same one attached to his complaint. He offered no proof the real property described in the deed was the real property, Kings Inn, referred to in the Exclusive Right of Sale contract. Thus appellee failed to prove the Kings Inn was sold and thus, again, failed to prove the right to a commission for a sale. The trial court erred in denying appellant’s motion for involuntary dismissal and erred in entering judgment for appel-lee.
It is also elementary that in order to prove entitlement to a commission based upon a percentage of the sale price then that sale price must be proved. The appel-lee offered no proof of the sale price. The trial court erred by not granting the appellant’s motion for involuntary dismissal and erred in entering judgment for appellee.
On appeal the attorney for appellee urges this court that his failures in the trial court were wholly attributable to the fact that the attorney for appellants failed to bring the appellants to appear at the trial. The appellee’s attorney alleges that if those defendants were present then he could have proved his case. This is not so as to the broker’s license problem because they would not be qualified to testify to that matter. While it may be so as to other matters the appellee’s attorney was under an obligation to subpoena any witness he might want ,to have testify and the defendants were not obligated to present the case for the plaintiff. In choosing not to present his clients the defendant’s attorney showed nothing but good tactical judgment.
Based upon the insufficiency of the complaint [1] and the failure of appellee to prove its case we must reverse the judgment of the trial court and remand this matter for entry of judgment for the appellants. Canada Dry Bottling Company v. K.M.A., Inc., 349 So.2d 846 (Fla. 2d DCA 1977).
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.

. When this insufficiency was raised at trial the appellee did not move to reopen the case to prove the deficiency and then move to amend the pleadings to conform to the evidence as he could have done. See Fla.R.Civ.P. 1.420(b).