DELL, Judge.
Trum Corp., plaintiff below, appeals a final judgment finding its commission contracts with appellee partnership invalid pursuant to Section 475.41, Florida Statutes (1977).[1]
George Trum (Trum) as president and sole stockholder of Trum Corp. (the corporation), and Gene McCaffery, his employee, entered into an oral agreement with Poinciana Properties, Ltd. (Poinciana) whereby the corporation would manage Royal Poinciana Plaza (the Plaza) on behalf of its owner, Poinciana. The corporation’s primary obligation under this agreement was to lease space in the Plaza.
Poinciana decided to sell the Plaza. Trum and Comyns, then general partner of Poinciana, decided that the corporation should handle the sale of the Plaza. Trum hired Canning, an active registered real estate broker, appointed Canning vice president of the corporation, and qualified the corporation as an active real estate broker corporation with the Florida Real Estate Commission. Trum registered as a non-active broker. McCaffery did not register in any capacity. After registration, the corporation and Poinciana executed the two written contracts contested herein.
The first contract is a management agreement, negotiated by Trum and McCaf-fery, and executed by McCaffery on behalf of the corporation. In essence, this agreement obligates the corporation to conduct leasing activities. Trum, Canning and McCaffery all performed the leasing activities on behalf of the corporation.
The second contract is a listing agreement, purporting to be an exclusive right of sale contract. Trum negotiated and executed the contract on behalf of the corpora *610 tion in his capacity as president. Although the trial court found that Trum, McCaffery, and Canning all performed services under this contract, the record reflects that only Canning performed acts specifically directed to procuring a purchaser for the Plaza. Testimony shows that Trum ran the corporation, but the record shows no evidence of acts by Trum or McCaffery calculated to procure a purchaser for the Plaza.
After a non-jury trial the trial judge found the corporation’s claims under both the listing agreement and the management contract unenforceable pursuant to Section 475.41, Florida Statutes (1977).
Appellant simply asks whether the trial court erred in holding that Section 475.41 renders these contracts invalid. However, the question presented requires us to consider the two contracts in isolation and to decide whether a real estate contract executed by a non-active real estate broker on behalf of a registered real estate broker corporation may be enforced if a registered broker performs all of the acts or services contemplated by the contract, and alternatively, can such a contract be enforced if non-registered persons perform some or all of the acts or services contemplated by the contract.
The courts of Florida have considered variations of the first question presented by this case, but the facts sub judice require us to attempt to reconcile the language of Section 475.41 with the decisions of our sister courts.
In order to better understand the legislative intent of Section 475.41, we have highlighted the operative words:
No contract tor a commission or compensation for any act or service enumerated in subsection (2) of s. 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed. (Emphasis added).
§ 475.41, Fla.Stat. (1977).
Each of the contracts required performance of acts and services enumerated in Section 475.01(2). Since Section 475.01(2) mentions the agreement to do any of the seven “real estate acts,” appellees argue that execution of the contracts by Trum, a non-active broker, rendered them invalid. In support of this argument, appellees cite Pearce v. Previews, Inc., 201 F.2d 385 (5th Cir.1953), cert. denied, 345 U.S. 993, 73 S.Ct. 1132 (1953), and Meadows of Beautiful Bronson, Inc. v. E.G.L. Investment Corp., 353 So.2d 199 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1248 (Fla.1978). We have carefully reviewed the Meadows opinion and cannot agree with appellees’ interpretation. The Court in Meadows held the contract unenforceable because,
[T]he agreement required by its terms the rendition of real estate services in Florida by appellees with others who were neither licensed nor registered real estate brokers or salesmen in Florida. Such a contract is as a matter of public policy, void and unenforceable.... Furthermore, appellees have not alleged that they, all other members of FISCO, and FISCO itself, were licensed and registered brokers at the time of the rendition of the services under the agreement. (Emphasis added).
Id. at 200.
Appellees further suggest that Pearce v. Previews, Inc., supra, stands for the proposition that if the listing agreement in Pearce had been executed in Florida by a non-active corporate officer it would have been invalid under Section 475.41. We do not construe geography as the determinative distinction. The Pearce Court did not base its decision on the execution of the contract. Rather, it held that
Properly construed, this statute did not require appellee’s president and the other nonresident officers to hold active real estate broker’s licenses from the State of Florida, since they did not do or perform any acts or services relating to the property “in this state”. The signing of the contract was in New York and not in Florida. Appellee, as a corporate entity, was qualified to do business in Florida and was registered as an active broker, as was its Florida Vice-President, who, so *611 far as appears, performed all necessary acts and services in Florida in connection with this contract. (Emphasis added).
Id. at 386.
The theme of these eases and others cited in the parties’ briefs and the plain language of the statutes seems clear. Chapter 475 prohibits the performance of broker’s acts by unregistered persons, and provides various civil and criminal penalties for violation thereof. Section 475.41 works a forfeiture when an unregistered person performs the services for which the client has contracted. The fact that a non-active or unlicensed person executes a real estate contract on behalf of a registered real estate broker corporation will not work a forfeiture so long as all of the persons performing the services of the contract are registered at the time the act or services are performed.
Accordingly, we hold the management agreement herein unenforceable because McCaffery, an unlicensed person, performed the services contemplated by this contract. The listing contract, however, may be enforced. Trum, a non-active broker, executed the listing contract on behalf of the active broker corporation and actively managed the corporation. His acts may have been in violation of Chapter 475. However, appellee has failed to direct us to any part of the record demonstrating that someone other than Canning, a registered active broker, did acts on behalf of the active broker corporation which were calculated to result in the procurement of a purchaser. That is, only Canning performed the listing contract.
A final controversy remains, that is whether the listing agreement is an exclusive agency or an exclusive right of sale. Both parties assert that the listing agreement is clear and unambiguous on its face, and that we can determine appellant’s entitlement to a commission as a matter of law. We disagree. The listing agreement contains language of both exclusive agency and exclusive right of sale. The trial court did not rule on this issue. Accordingly, we reverse and remand for further consideration of the issue of liability and damages under the listing agreement.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY and HURLEY, JJ., concur.

. Chapter 475 was amended effective July 1, 1979, after the execution of these contracts.