DOWNEY, Judge.
This is a consolidated appeal from a final order dismissing a first amended complaint with prejudice and a subsequent order taxing costs and attorney’s fees against plaintiffs/appellants, The Moorings Development Company and Moorings Realty Sales, Inc.
Appellants filed a complaint against defendant/appellee, Porpoise Bay Co., Inc., based upon a real estate contract granting The Moorings Development Company an exclusive right of sale, seeking damages for breach of contract, specific performance and fraud. The complaint was dismissed with leave to amend on June 14, 1984, on the ground that The Moorings Development Company was not a licensed real estate broker or dealer in the State of Florida and, therefore, the agreement between the parties was void because said company could not sell real estate in Florida.
Thereafter, appellants filed a first amended complaint, which again failed to allege that The Moorings Development Company was a licensed broker or salesman. Accordingly, another motion to dismiss was filed by appellee on June 27, 1984. After a hearing was held, the trial court granted the motion to dismiss on November 7, 1984, “with prejudice unless within ten (10) days ... Plaintiffs file an. Amended Complaint alleging that The Moorings Development Company is licensed by the State of Florida to sell real estate in the State of Florida pursuant to Florida Statute Chapter 475.” Appellants failed to file an amended complaint and appealed the order of dismissal on November 29, 1984.
Appellee filed a motion to tax costs and attorney’s fees, as the prevailing party, on November 4, 1984. The motion was granted by the trial court on January 15, 1985. Timely notice of appeal was filed from said order, and it was consolidated for purposes of appeal with the appeal from the order dismissing the amended complaint. The validity of those two orders constitutes the points on appeal.
In dismissing the first amended complaint the trial court restricted itself to two paragraphs of the motion to dismiss, which makes the record clear that the ground for dismissal was the failure of the amended complaint to allege that The Moorings Development Company was duly licensed to sell real estate in Florida. Thus, it is appropriate to scrutinize the allegations of the complaint in question.
The plaintiffs below are two Florida corporations, The Moorings Development Company and Moorings Realty Sales, Inc. The realty sales corporation is a duly licensed Florida real estate broker, while the development corporation is not. Furthermore, the realty sales corporation is a wholly owned subsidiary of the development company. After alleging the foregoing matters, the first amended complaint alleged that The Moorings Development Company had entered into an agreement with appellee, Porpoise Bay Co., Inc., attached as Exhibit A, which was the culmination of litigation between said parties. Essentially, this agreement provided that The Moorings Development Company would not improve certain described lands abutting appellee’s property for a period of forty years without appellee’s written con *62 sent. In consideration for said concession, appellee granted The Moorings Development Company an exclusive right of sale for each remaining new unit owned by ap-pellee when appellee decided to sell said units. The exclusive right to sell was to exist for a period of six months from the initial listing. Appellee was to determine the sales price as the fair market value of the units.
The complaint also alleged that Moorings Realty Sales, Inc., had done business with appellee in the past. Further, it was alleged that appellee knew that Moorings Realty Sales, Inc., would be performing the brokerage function for the development company “as required by aforesaid agreement attached to the Complaint.” Moorings Realty Sales, Inc., was also a known third-party beneficiary of the agreement. Appellee was charged with breaching the contract by refusing to furnish sales prices per the contract and unilaterally taking over the marketing of the units to the exclusion of appellants. In addition to the claim for damages resulting from the aforesaid breach, appellants alleged a count in fraud and one in specific performance.
Essentially, appellants argue that, although The Moorings Development Company was not a licensed broker as required by section 475.41, Florida Statutes (1983),[1] its wholly owned subsidiary, Moorings Realty Sales, Inc., was a licensed broker, and ap-pellee, Porpoise Bay, should have known from past dealings that Moorings Realty Sales, Inc., performed the brokerage functions. Thus, appellants maintain that The Moorings Development Company would be entitled to a commission pursuant to its exclusive right of sale agreement with ap-pellee, so long as the entity who sold the units was licensed. See Trum Corp. v. Satterfield, 421 So.2d 608 (Fla. 4th DCA 1982).
However, as noted by appellee, Porpoise Bay, Moorings Realty Sales, Inc., was not a party to the contract. In fact, appellants designated Moorings Realty Sales, Inc., as a third-party beneficiary in their complaint. As a third-party beneficiary, Moorings Realty Sales, Inc., cannot have rights greater than the contracting party through whom it claims. Seward v. South Florida Securities, Inc., 96 F.2d 964 (5th Cir.1938). If a contract is voidable or unenforceable, the right of the beneficiary is subject to the infirmity. Restatement (Second) of Contracts § 309; 11 Fla.Jur.2d Contracts § 158. Pursuant to section 475.41, the agreement between The Moorings Development Company and Porpoise Bay, appellee, is unenforceable because The Moorings Development Company was not licensed under the State of Florida to perform the services that it promised to perform. As stated by the court in Winter v. Surfview Realty, Inc., 400 So.2d 839, 840 (Fla. 5th DCA 1981), relied upon by appellee:
The complaint does not allege the ap-pellee is a registered real estate broker. The appellee offered no proof the appel-lee was a registered real estate broker. Section 475.41, Florida Statutes (1977), provides that no contract for a real estate commission is valid unless the broker is registered under the laws of Florida. The absence of pleading and proof [that] the broker is duly registered as a real estate broker defeats an action on a contract for a commission for the sale of real estate. The contract is unenforceable. Meadows of Beautiful Bronson, Inc. v. E.G.L. Investment Corp., 353 So.2d 199 (Fla. 3d DCA), cert. denied, 360 So.2d 1248 (Fla.1978); Geneva Investment, Ltd. v. Trafalgar Developers, Ltd., 274 So.2d 581 (Fla. 3d DCA), cert. dismissed, 285 So.2d 593 (Fla.1973); Florida Boca Raton Housing Ass’n v. Marqusee Associates, 177 So.2d 370 (Fla. 3d DCA 1965).
*63 Additionally, in Wegmann v. Mannino, 253 F.2d 627 (5th Cir.), cert. denied, 358 U.S. 824, 79 S.Ct. 37, 3 L.Ed.2d 63, reh’g denied, 358 U.S. 896, 79 S.Ct. 151, 3 L.Ed.2d 123 (1958), the court held that, where the plaintiff, for a valuable consideration, agreed to sell or negotiate for the sale of realty, and agreed to direct or assist in procuring prospects, or in the negotiation or closing of transactions calculated to result in the sale of realty, and the plaintiff failed to obtain a broker’s license, the contract was void and unenforceable by virtue of section 475.41 notwithstanding the fact that the plaintiff was permitted under the contract to hire salesmen and brokers who themselves might have been legally licensed persons. The court further held that, where the Florida statute expressly prohibited sales of realty by a person for another without obtaining a broker’s license, no part of the contract wherein the plaintiff (who was not licensed) agreed to sell realty could be the basis of a cause of action for the compensation provided for in the contract.
We think the cases of Winter and Weg-mann control under the facts in the case at bar, rather than Trum Corp. v. Satterfield, 421 So.2d 608 (Fla. 4th DCA 1982), as relied on by appellants. In Trum, the nonactive broker, who entered into the contract, and the active broker, who performed acts calculated to procure a purchaser, worked for the same brokerage corporation. The non-active broker executed the listing contract on behalf of the active broker, and only the registered active broker performed acts to procure a purchaser. In the instant case, appellants, The Moorings Development Company and Moorings Realty Sales, Inc., are separate entities. The Moorings Development Company did not enter into the contract on behalf of Moorings Realty Sales, Inc. Moreover, the case at bar never reached the point where the services were performed, so the rationale in Trum, that all of the persons performing the services of the contract were registered at the time the acts or services were performed, is not applicable. 421 So.2d at 611.
The trial court’s order dismissing appellants’ complaint and its order taxing costs and attorney’s fees are affirmed.
WALDEN, J., concur.
LETTS, J., dissents without opinion.

. That section provides:
No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or salesman has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed.