507 So.2d 652 (1987)
Carmine MARRONE, Appellant,
v.
MIAMI NATIONAL BANK, Appellee.
No. 86-92.
District Court of Appeal of Florida, Third District.
April 21, 1987.
Rehearing Denied June 16, 1987.
*653 Howard M. Neu, Frank Wolland, North Miami, for appellant.
Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey and Gregory P. Borgognoni and Michael D. Joblove, Miami, for appellee.
Before BARKDULL, HENDRY and HUBBART,[*] JJ.
PER CURIAM.
Plaintiff/appellant, Carmine Marrone, appeals from an adverse final judgment entered following the non-jury trial of his breach of contract action against defendant/appellee, Miami National Bank. Marrone seeks to recover upon a mortgage participation certificate which he claims to have acquired in connection with a large note and mortgage given to the bank by 13499 Corporation. The complaint alleges that pursuant to the certificate, Marrone is entitled to collect payment (on the certificate) from the bank because the bank has received payment in full from the mortgagor/corporation. The bank contends that it has not received payment on the note and mortgage, and therefore it is not required to make any payments to Marrone. At trial, both parties presented evidence in support of their positions. The court found:
As to the breach of contract claims, this Court ... finds that Miami National Bank has not received payment on the ... note and mortgage from 13499 Corporation and, additionally, that no other event has occurred which would require Miami National Bank to make any payment to Plaintiff pursuant to Plaintiff's mortgage participation certificate.
In a non-jury case, it is the trial court's duty to reconcile conflicts in the testimony, to judge the credibility of witnesses, and to determine the weight of the evidence presented. Marx v. Goldfinger, 187 So.2d 380 (Fla. 3d DCA 1966). This court will not disturb the trial court's findings, which are presumed correct, unless they are totally unsupported by competent and substantial evidence. Randy Int'l, Ltd. v. American Excess Corp., 501 So.2d 667 (Fla. 3d DCA 1987); Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). There is competent, substantial evidence in the record of the instant case to support the trial court's finding that the underlying mortgage upon which Marrone's claim is predicated was never paid. Therefore, we affirm the trial court's conclusion that Marrone's claim for payment from Miami National Bank must fail.
With respect to Marrone's appeal from various other orders entered by the trial court, we have carefully considered all of the additional points raised in light of the record, briefs, and arguments of counsel. We conclude that no reversible error has been demonstrated.
Affirmed.
NOTES
[*] Judge Hubbart participated in this decision, but did not hear oral argument.