517 So.2d 72 (1987)
CALIFORNIA CLUB REALTY, INC., Appellant,
v.
Phyllis LUCCA, Appellee.
No. 87-1575.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Rehearing Denied January 22, 1988.
Allison Doliner Hockman, Miami, for appellant.
Michael Bennett Udell, North Miami Beach, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the defendant California Club Realty, Inc. from an order denying its motion under Fla.R.Civ.P. 1.540 to set aside an adverse final default judgment. The defendant claims that the trial court grossly abused its discretion in denying its motion because (a) its failure to respond to the plaintiff Phyllis Lucca's complaint was the result of excusable neglect, (b) it had a meritorious defense to the instant action, and (c) it acted with due diligence in moving to set aside the final default judgment. We reject this contention and affirm based on the following briefly stated legal analysis.
First, the trial court was entitled to credit the testimony and affidavit of the former counsel for the plaintiff that a representative *73 from the defendant telephoned said counsel upon receipt of the instant complaint and, in effect, told counsel that the defendant did not intend to respond to the complaint because it was not liable to the plaintiff. Although the defendant objected to counsel's testimony as hearsay, it made no similar objection to the above affidavit of counsel; moreover, the defendant makes no contention on appeal that the above testimony and affidavit were improperly admitted below. Instead, the defendant urges that this testimony and affidavit were not worthy of belief for a variety of reasons. We do not pause to assess the validity of any of these reasons because it was for the trial court, not this court, to pass upon the credibility of this witness. Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976); Marrone v. Miami Nat'l Bank, 507 So.2d 652, 653 (Fla. 3d DCA 1987); Hernandez v. Leiva, 391 So.2d 292, 294 (Fla. 3d DCA 1980).
Second, given the above-stated testimony and affidavit which the trial court was entitled to credit, it follows that the trial court could have properly found that the defendant intentionally, not negligently, failed to respond to the instant complaint and that, accordingly, no excusable neglect on the part of the defendant had been established. This being so, it follows that the trial court did not abuse its discretion in denying the defendant's motion to vacate the final default judgment. See Rhines v. Rhines, 483 So.2d 4, 6 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 68 (Fla. 1986); Arranco Shoes By Carmen, Inc. v. Calzados Milady, S.L., 422 So.2d 341, 342 (Fla. 3d DCA 1982); Austin Burke, Inc. v. Vigilant Ins. Co., 179 So.2d 600, 602 (Fla. 3d DCA 1965).
Affirmed.