BASKIN, Judge.
Gus Crowell, the court-appointed receiver for Bonefish Yacht Club, Ltd., appeals a final judgment. We affirm.
Crowell filed an action against Monroe County seeking declaratory and in-junctive relief from the county’s determination that the building permit and subsequent extensions the county issued to the Bonefish project were void. The trial court made the following findings:
2. The evidence established that the ninety day “extension letters” sent to Bonefish Yacht Club, Ltd. by an assistant building official, Dumont Sterling, between September 13, 1982 and April 2, 1986 purporting to extend the building permit by 90 day increments were beyond the building official’s authority under Monroe County Code Section 6-16.-l(3)(c) which specifically limits the building official’s authority to the granting of a single 60 day extension.
3. The “extension letters” sent by the Assistant Building Official were ultra vires acts and were void ab initio. Corona Properties of Florida v. Monroe County, 485 So.2d 1314 (Fla. 3d DCA 1986).
4. Plaintiff has asserted that notwithstanding the illegality of the permit extensions, Monroe County should be equi *838 tably estopped from revoking the building permit.
5. Ordinarily, the doctrine of equitable estoppel will not be applied to prevent a government authority from revoking illegally issued or extended permits. Corona Properties of Florida v. Monroe County, supra. Plaintiff contends that, in accordance with the holding in Fraga v. Department of Health & Rehabilitative Services, 464 So.2d 144 (Fla. 3d DCA 1984), [review denied, 475 So.2d 694 (Fla.1985)], the issuance of multiple permit “extensions” to both this project and other projects in Monroe County constituted sufficiently egregious acts upon which the Receiver relied to his detriment to warrant application of the equitable estoppel doctrine against Monroe County. The overwhelming evidence, however, does not support Plaintiff’s position.
6. Although there was testimony by Mr. Bob Herman, the present Monroe County Director of Planning, that he believed the Assistant Building Official in the Plantation Key Branch of the Monroe County Building Department had issued multiple permit extensions to a few unidentified projects, he did not know how many extensions were granted and what the circumstances were in connection with the permit extensions. He also knew of no other illegal extensions having been sent out of either the Key West or Marathon branches. The court finds that these facts are not comparable to the egregious circumstances present in the Fraga case, supra.
7. Mr. Herman also testified that upon his inspection of the construction site prior to April, 1986 it was apparent that there had been no construction activity for a substantial period of time. There was no evidence that any construction had taken place since that inspection.
8. The Receiver testified that, in reliance upon the April 6, 1986 permit extension, he paid a contractor to estimate the cost to recommence and complete construction on the project. This was obviously brought about by the owner’s prior abandonment of construction. Although the Receiver was uncertain as to how much was paid for the estimate he did testify that the total was below $10,-000.
9.The Court finds that any expenditures incurred by the Receiver relative to recommencing construction were the result of the owner’s having abandoned construction and not due to the illegal permit “extensions” sent by the assistant building official. In any event, these expenditures fall far short of the [sic] incurred by the Plaintiff in the Corona Properties case, supra at 1316. It follows that Plaintiff’s attempt to apply the doctrine of equitable estoppel to the facts in this case must be rejected.
The trial court’s findings are supported by competent substantial evidence. Marrone v. Miami Nat’l Bank, 507 So.2d 652 (Fla. 3d DCA 1987); Randy Int’l, Ltd. v. American Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987). We therefore affirm the final judgment.
Affirmed.