PER CURIAM.
We affirm the trial court’s determination of the fair value of Dolan’s shares in Springlite. The trial court’s valuation was supported by competent, substantial evidence and properly conformed to the requirements for determining fair value. § 607.1301(2), Fla.Stat. (1991); Marrone v. Miami Nat’l Bank, 507 So.2d 652 (Fla.3d DCA 1987). On this same issue of valuation, we find that it was within the trial court’s discretion to exclude Dolan’s expert witness where the expert repeatedly failed to comply with the court’s discovery orders requiring him to provide materials and information supporting his opinions. § 90.705(2), Fla.Stat. (1991); Newell v. Best Sec. Sys., Inc., 560 So.2d 395 (Fla. 4th DCA 1990).
Additionally, with regard to the issue of fringe benefits, we affirm the trial court’s denial of an award for vacation pay pursuant to the employment contract where such an award, in addition to the award for his annual salary, would have amounted to double compensation for the time remaining in his employment contract. However, we reverse a portion of the final judgment finding that the trial court abused its discretion by failing to award health insurance and car allowance benefits where there was competent, substantial evidence presented to support such an award pursuant to the employment contract. Marrone v. Miami Nat’l Bank, 507 So.2d 652 (Fla.3d DCA 1987).
Lastly, we affirm all other aspects of the final judgment.
We affirm, in part, reverse, in part, and remand for further proceedings consistent with this opinion.