PER CURIAM.
Omega Congress, Inc. (“Omega”) appeals an adverse summary judgment based upon Section 559.928, Florida Statutes (2002), in its breach of contract claim against appellee, BAF Tour Services, Inc. (“BAF”). We affirm.
Omega entered into two contracts with BAF to secure hotel rooms for two tour groups at a medical convention in California. The contracts specified that Omega would secure rooms at the Doubletree Hotel in Anaheim, California. Instead, Omega secured rooms at a hotel in Costa Mesa, California, a different city.
Because the rooms were secured at the wrong hotel, one of the tour groups can-celled its booking with BAF. After BAF paid Omega $30,565.50, Omega sued for an additional $25,631.15. BAF then counter-sued for return of the monies previously paid to secure the hotel rooms. Both parties sought summary judgment.
The trial court granted BAF’s summary judgment motion, finding the contracts were void because Omega had not complied with the Florida Sellers of Travel Act, Section 559.926, et seq., Florida Statutes (2002).[1] We agree with the trial court’s well reasoned findings and order.
The Florida Sellers of Travel Act, requires a corporation that is conducting business as a seller of travel, to register annually with the State of Florida, Depart *114 ment of Agriculture and Consumer Services. § 559.928, Fla. Stat. (2002). Any violation of Section 559.9335 constitutes a deceptive and unfair trade practice, subject to the imposition of administrative, civil and criminal penalties. §§ 559.934, 559,9335, 559.936, 559.937 Fla. Stat. (2002).
It is undisputed that the contracts involved the sale of hotel rooms from Omega to BAF and that Omega was a “seller of travel” as defined by Section 559.927(10). It is also undisputed that Omega was not registered as a seller of travel in July of 1999 when it executed the contracts, and was not registered as a seller of travel in March of 2000 when the rooms were secured.
As the trial court accurately noted, since Omega was not registered as a seller of travel at the time the contracts were made, the contracts are void and unenforceable. See Local No. 234 of United Ass’n of Journeymen & Apprentices of Plumbing & Pipefitting Indus, v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla.1953); Steinberg v. Brickell Station Towers, Inc., 625 So.2d 848 (Fla. 3d DCA 1993); Winter v. Surfview Realty, Inc., 400 So.2d 839 (Fla. 5th DCA 1981); D & L Harrod, Inc. v. U.S. Precast Corp., 322 So.2d 630 (Fla. 3d DCA 1975). Accordingly, the trial court properly entered summary judgment in BAF’s favor on Omega’s claims against BAF.
Affirmed.

. Summary judgment was granted in favor of Omega on BAF's counterclaim.